# CHARLESTOWN.

RUAH ANN SNYDER, ADMX., v. A. J. W. SNYDER AND
JACOB SNYDER.

September 9, 1876.

In a joint action upon a joint, or joint and several, instrument, with
process served upon all the defendants before judgment, it is a long and
well established rule that there must be a joint judgment, and it is error
to render separate judgments, but it is not a universal rule.
Whenever a defendant pleads matter which goes to his personal dis-
charge, such as bankruptcy, infancy, or any matter that does not go to
the nature of the writ, or pleads, or gives in evidence, a matter which
is a bar to the action against himself only, and of which the others
could not take advantage, judgment may be for such defendant and
against the rest; and this rule is also subject to the exceptions pre-
scribed by the nineteenth section of chapter one hundred and thirty-
one in the Code of West Virginia.

A further exception to the rule of law that in a joint action, there
must be a joint judgment, is found in the fifty-second section of chap-
ter one hundred and twenty-five of the Code of West Virginia.

In a joint action against A. J. W. S. and J. S. on a joint obligation
and process served on each of them, A. J. W. S. contessed judgment
which, as to him, a separate judgment was entered. J. S. plead to the
action and had a trial before a jury, and on verdict found against him
at a subsequent term of the court, a separate judgment was entered
against him on the verdict, from which he appealed to the Court of
Appeals.—HELD:

1. The separate judgments were erroneous and should be reversed, and
   joint judgment entered against both A. J. W. S. and J. S.

2. And further that the judgment entered on the "*cognovit actionem*" of
   A. J. W. S. did not merge the plaintiffs cause of action, so as to
   exonerate the said J. S.

1876.
August Term.

Snyder
v.
Snyder.

3. A verdict in an action of debt, in which there are several issues, in these words, "We, the jury, find for the plaintiff, and assess the damages at $1,102. December 2, 1870. (Signed) J. S. Fleming, Foreman," does respond to the issues, and is not so defective that judgment cannot be entered thereon.

*Supersedeas* to a judgment of the circuit court of Jefferson county rendered on the twenty-fifth day of April, 1872, in a cause therein pending, in which Ruah Ann Snyder, administratrix of Simon P. Snyder, was plaintiff, and said A. J. W. Snyder and Jacob Snyder were defendants, granted on the petition of said Jacob Snyder, plaintiff in error.

The facts fully appear in the opinion of the Court.

Hon. John Blair Hoge, judge of said circuit court presided at the trial below.

*D. B. Lucas* for plaintiff in error.

*George W. Beltzhoover* for defendant in error.

EDMISTON, JUDGE:

In the circuit court of Jefferson county, the defendant in error brought an action of debt against A. J. W. Snyder and Jacob Snyder, upon a bond executed by them to her intestate, for the sum of one thousand dollars. Process was duly served upon each of the defendants, declaration filed, and an office judgment had. At the next term of the court, the defendant, Jacob Snyder, filed four special pleas, to the first, third, and fourth of which, the plaintiff below entered demurrers, and replied generally to the second. The demurrers were overruled, and issue taken upon four of the special pleas. A jury was sworn, and rendered a verdict in the following words:

" We, the jury, find for the plaintiff, and assess the damages at ($1,102) eleven hundred and two dollars. December 2, 1870. J. S. Fleming, foreman."

Thereupon the defendant, Jacob Snyder, moved the court to set aside the verdict, as contrary to evidence, and not responsive to the issues, and also because it

found for the plaintiff, and assessed damages at a sum exceeding those laid in the writ and declaration ; which motion the court continued until the next term of the court.

At the same term at which the trial was had before the jury, the other defendant appeared in open court, and confessed judgment for the debt in the declaration mentioned, subject to the credits endorsed on the obligation sued on, of $60, as of March 20, 1868, and $60, as of March 10, 1869; and judgment was entered on that confession for the sum of eleven hundred and eight dollars and thirty-three cents, and costs.

Afterwards, at a term of the said court, continued and held on the twenty-fifth of April, 1872, the court overruled the motion for a new trial, and the plaintiff released ten dollars for excess of interest allowed by the jury in the verdict, and asked for a judgment for $1,092, with interest from the date of the judgment.

Whereupon the defendant moved in arrest of judgment, and the court overruled said motion (no grounds for the motion are set out), and judgment was entered for the sum of $1,092, with interest and costs. To this judgment, Jacob Snyder has obtained a *supersedeas*, and brings the case to this Court for review.

The first error to be considered is, that the declaration is defective, because it does not show when the bond declared on was payable. It is claimed that the demurrer to the pleas goes back to the first error, and that is the error in the declaration. The description of the bond in the declaration is : " For that, whereas, the said defendants heretofore, and in the lifetime of said Simon P. Snyder, since deceased, to-wit : on the twenty-fifth day of March, 1867, by their certain writing obligatory, sealed with their seals, the date whereof is the day and year last aforesaid, acknowledged themselves to be held, and firmly bound, to the said Simon P. Snyder in the sum of one thousand dollars, with interest to be

53

paid annually, above demanded, to be paid to the said Simon P. Snyder, or his heirs or assigns."

This bond, as described, would evidently be due, and payable, at its date. It would be the same as if it had been written payable on demand; and, although it may have been payable at a future time, as would be indicated by the expression, " with interest to be paid yearly," still, from the description given, it shows it was payable at its date, and does not show that it was not payable until a future period. The defendant might have craved oyer of the bond, and when produced, if it was payable at a future day, there would have been a variance, which might have been taken advantage of by demurrer; but this he did not do. I do not think the point is well taken.

The first error assigned in the petition is, that " the verdict is for more damages than are claimed in the writ and declaration, and is not responsive to the issues."

This is an action of debt, and the declaration demands the debt of $1,000, with interest, and $500 damages, for its detention. It is not like an action sounding in damages, where the recovery is limited to the amount of damages claimed in the writ and declaration. There certainly can be nothing in this point, because it does not fall within the rule that requires the party to claim damages equal to the amount that he may claim the right to recover; and no point of this kind would have been made, if the verdict had been in the usual form. The argument would, it seems to me, rest against the form of the verdict, so far as the question of damage is concerned. The counsel do not claim, directly, that the verdict is wholly defective; the most they say is, that it is incomprehensible. While it is very informal, I do not see that it is, necessarily, wholly defective, the jury find for the plaintiff, and assess his damages at $1,102—that is, they find the issues for the plaintiff, and that he is entitled to recover the sum of $1,102 in the action, meaning that, because the debt in the declaration

demanded, is $1,102, and as they find that the defendant presents, by the issues, no defence to bar the plaintiff from a recovery of the debt in the declaration, he is entitled to recover that amount, which they find for him, in the form, or under the name, of damages, instead of using the proper terms, " the debt in the declaration mentioned." The counsel and court ought not to receive verdicts so informal; but, if they do, I cannot see that there is such an entire defect in it, as to vitiate it. I, therefore, think that this assignment of error cannot be sustained.

The second and third errors assigned, are properly considered together. They are:

*First.* "The action being joint only, there could not be a separate recovery, or judgment, in this case, both defendants being alive, and due process executed on both."

*Second.* " The first judgment against A. James W. Snyder, was an absolute discharge and acquittance of the petitioner."

It is a general rule, sanctioned in Virginia for a long time by many decisions, that in a joint action, founded upon a joint obligation, or on a joint and several obligation, there must be a joint judgment against all the parties, or no judgment at all. But it is not a universal rule. Where a defendant pleads matter, which goes to his personal discharge, such as bankruptcy, infancy, or any matter that does not go to the nature of the writ, or pleads, or gives in evidence, a matter which is a bar to the action as against him only, and of which the others could not take advantage, judgment may be given for such defendant, and against the rest. *Moffet v. Bickle,* 21 Gratt. 280; 1 Rob. Prac. (old.), pp. 400, 402, and the cases there cited.

This exception has now even been enlarged and provided for by statute. See Code of Virginia, Chap. 173, Sec. 19, which is in these words: " In an action founded

on contract, against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other, or others, of the defendants, against whom he would have been entitled to recover, if he had sued them only." The same is found in the Code of West Virginia, Chap. 131, Sec. 19, p. 628.

This is a qualification to the general rule; one that was required to promote justice, and avoid litigation.

The rule is qualified by another statutory provision found in the Code of Virginia, chapter one hundred and sixty-seven, section fifty, and also in the Code of West Virginia, chapter one hundred and twenty-five, section fifty two, page six hundred and seven, which is in these words: "Where, in an action or suit against two or more defendants, the process is served upon part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others, or from time to time, as the process is served as to such others, proceed to judgment, as to them, until judgments be obtained against all." This statute was found to be necessary to qualify the general rule above cited. Great delay and inconvenience and costs resulted from an adherence to the rule without such a qualification.

Under this statute, there may be had as many several judgments on a joint obligation, as these are parties to the obligation dependent wholly upon the service of the process. But it will be perceived that neither of the statutes cited, enables a plaintiff to obtain several judgments, when there is nothing shown by way of bar to a recovery as to any of the defendants, or where the process has been served upon all the parties. In such cases, the original rule, that in a joint action upon a joint, or joint and several, obligation, with process served upon all the parties, there must be a joint judgment remains, unimpaired.

Now, in this case the action is on a joint obligation; process was served on both defendants, and, therefore,

there should have been a joint judgment. The error in the Court was in not rendering a joint judgment against both defendants. The way in which it should have been done, was to receive the confession of A. James W. Snyder, and suspend the judgment until the issue as to the other party was decided by the jury, and to have rendered judgment, in this case, against both defendants. Rob. Practice (old), 265-6.

But the proposition contained in the last error is, that inasmuch as the Court erred in entering the judgment against A. J. W. Snyder on the confession, that, thereby, the defendant is wholly absolved from all liability, on the ground that the bond was merged in the judgment so had on the confession.

In *Jenkins v. Hurt's commissioners*, 2 Ran. 446, which was a joint action upon a joint note and process served upon both defendants, an office judgment was confirmed against one, and the other plead, but afterwards relinquished his plea, and judgment was rendered against him, thus producing several judgments. Jenkins, the defendant who had plead, appealed to the Superior Court, where the judgment was affirmed. He then appealed to the Court of Appeals, and the Court of Appeals reversed the judgment of the circuit court, with costs. And that court, proceeding to give such judgment as the circuit court ought to have given, held that the judgment of the county court against the defendants, severally, should be reversed, with costs, and a joint judgment entered against both defendants.

In the case of *Peasely v. Boatwright*, 2 Leigh, 196, debt was brought on a joint note, and process was executed on both defendants, and office judgment had. Montague, one of the defendants, made default, and judgment was entered and confirmed against him. Peasely, the other defendant, appeared and pleaded "*nil debit*," and a trial was had before a jury, who found a verdict for the plaintiff, upon which the county court entered a separate judgment against Peasely; judgment having been pre-

viously entered against Montague, the other defendant. Peasely appealed to the circuit court, which reversed the judgment, only because the judgments were entered separately against the two defendants in the joint action, but proceeded, itself, to enter a joint judgment against both of the defendants. And then Peasely obtained a *supersedeas* from the Court of Appeals. The Court of Appeals held the judgment of the circuit court to be correct, and affirmed the judgment.

On these authorities, and many others to the same effect, I am clearly of opinion that the judgment of the circuit court was erroneous, and the same should be reversed.

The whole case comes up on this record, and this Court should correct all the errors apparent thereon. These errors consist in rendering separate judgments against these parties, jointly sued on a joint debt, and both the defendants being duly served with process, and before the court. I do not think that the effect of this error is to operate to exonerate the plaintiff in error from all liability in said action, on the ground of merger, or any other.

I am, therefore, of opinion that the judgment of the circuit court is erroneous and that the same should be reversed with costs to the plaintiff in error, and that this Court should enter such judgment as the circuit court should have rendered.

The other Judges concurred.

JUDGMENT REVERSED.

The following judgment was entered in this cause:

The Court is of opinion, for reasons stated in writing, and filed with the record, that the judgment of the circuit court is erroneous.

Therefore, it is considered that the judgment of the circuit court be reversed, and annulled, and that the

plaintiff in error recover against the defendant in error his costs, by him expended in the prosecution of her suit aforesaid here, to be levied of the assets in her hands to be administered; and this Court, proceeding to render such judgment as the circuit court ought to have rendered, it is further considered, that the judgments of the circuit court, against the defendants, severally, be reversed, and annulled, and that the plaintiff below recover of the defendants, A. J. W. Snyder and Jacob Snyder, the sum of one thousand and ninety-two dollars, with interest thereon from the twenty-fifth day of April, 1872, till paid, and the costs by her expended in the prosecution of her suit.