# WHEELING.

## HOFFMAN v. BIRCHER AND SAFFELL.

Submitted June 18, 1883—Decided November 17, 1883.

1. A plea in abatement for an alleged variance between the summons and the declaration, in one of which the defendant is named *Saffle*, and in the other *Saffell*, and which fails to state what is the proper name of such defendant, was fatally defective, first because there was no variance as both names were *idem sonans*, and because it failed to give the plaintiff a better writ. (p. 541.)

2. In a joint action, on a joint, or on a joint and several obligation, with process served on all of the defendants before judgment against any, there must be a joint judgment against all of the defendants, or against none, except where some of the defendants are discharged upon matters of defence personal to themselves, which do not go the whole ground of the action; and also except, in the case provided for in section 19, chapter 131 of Code of W. Va. (p. 550.)

3. If in such joint action, where all the defendants are alive and served with process therein, or have entered a general appearance thereto, and pleaded to issue, one of said joint defendants appears in open court and confesses the plaintiff's action, even where such confession is accepted by the plaintiff, and a formal judgment is rendered upon such confession, and the action is not discontinued as to the other defendants, but is continued for the trial of the issues as to them, such confession, and formal entry of judgment thereon, have not the force or effect of a final judgment, but are to be taken as the mere *cognovit actionem* of such defendant, and await the final judgment to be rendered upon the verdict found upon the trial of the issues as to the other defendants. (p. 550.)

4. In such a case the judgment upon such verdict (except in said excepted cases) must be rendered jointly against all of said

68

defendants, or none of them, and it is error to enter a separate judgment, upon said verdict against the defendants as to whom such issues were tried.   (p. 550.)

5. In such a case it is immaterial whether the issues as to the other defendants be tried, and judgment rendered thereon, at the same term at which said confession and formal judgment thereon were entered, or at any subsequent term.   (p. 551.)

6. By section 19 of chapter 131 of Code of West Virginia the Legislature only intended to relax the rule of the common law, which requires the judgment in a joint action to be entered jointly against all the defendants or none of them, so far, as to permit a plaintiff who brings his joint action against all the joint obligors, to recover against one or more of them, although his action may be barred as to some of them, *where his declaration shows*, that he *could have recovered against such defendants*, if he had sued them only, and where at the trial he *proves the contract as alleged in his declaration*.   (p. 552.)

7. H. brought his joint action of debt against B. and S., in which both were served with process, and appeared and jointly pleaded *nil debent*. B. in open court confessed judgment, and the cause was continued for three terms as to S., when the issue as to him was tried by the court with his consent, without a jury, and a separate judgment without objection was entered against him, for the same amount as was entered against B. The declaration showed, that the obligation sued on was *several* as well as joint, and that the plaintiff might have recovered against either, even if his action was barred as to the other—if he had sued either of them alone.   HELD:

That the court did not err, in entering such separate judgment against S., instead of a joint judgment against B. and S. (p. 553.)

8. The cases of *Bush* v. *Campbell*, 26 Gratt. 428, and of *Muse* v. *Farmers Bank*, 27 Gratt. 254, so far as they construe section 19, chapter 177 of Code of Virginia, which is identical with section 19, chapter 131 of Code of West Virginia, beyond the construction thereof hereinbefore laid down, *disapproved*.   (p. 552.)

WOODS, JUDGE, furnishes the following statement of the case:

Benjamin F. Hoffman on the 22d of February, 1879, brought his action of debt in the county court of Taylor county against Thomas H. Bircher and Joseph Saffell for three hundred and fifty dollars debt, and sued out three summonses against them returnable to March rules, 1879, directed to the sheriffs of Taylor, Ritchie and Barbour counties re-

spectively, the first two of which were returned "not found" and the last "executed on Joseph Saffell on the 1st of March, 1879," by the sheriff of Barbour county. At March rules, 1879, the plaintiff filed his declaration, and a conditional judgment was entered against Saffell, and new process awarded against Bircher. On the 4th March, 1879, an *alias* summons issued returnable to April rules directed to the sheriff of Taylor county, was returned not found. On the 5th of April, 1879, a pluries summons issued, directed to the sheriff of Taylor county returnable to April rules, was returned executed on Burcher. The defendants appeared in person at April rules, 1879, and filed a plea in abatement properly verified, alleging a variance between the summons and the declaration, in this, that in the pluries summons the defendants are summoned as "Thomas H. Bircher and *Joseph Saffle*," and the declaration complains of said Bircher and "Joseph *Saffell*," but it did not state what was the *true name* of the defendant Saffell. This plea was at the May term of said court, on the plaintiff's motion rejected. The defendants at the same term demurred to the declaration, which demurrer was overruled, and the defendants pleaded payment and filed an account of set-offs, to which plea the plaintiff replied generally. At the August term, the defendants withdrew the plea of payment, and pleaded *nil debent*, and issue was thereon joined, and a jury was empanneled to try this issue, but during the trial the plaintiff suffered a non-suit, and on the next day the court, on motion of the plaintiff, set aside the judgment of non-suit upon payment of the costs of the suit up to that date, and gave him leave to file an amended declaration which was thereupon in court filed, to all of which the defendants objected, but upon what grounds does not appear. At the November term, 1879, and January term, 1880, the cause was by *consent of parties* continued generally. At another term of said court, held on the 18th of May, 1880, the following order was entered in said cause: "This day came the parties by their attorneys, and thereupon the defendant, Thomas H. Bircher contessed a judgment for one hundred and eighty-one dollars and seventy-three cents with interest from this date until paid and the costs; *which judgment is accepted by the plaintiff.* It is

therefore considered by the court that the plaintiff recover from the defendant Bircher the principal and interest aforesaid, and the costs herein, and this cause as to defendant Saffell, is continued." At the July term, 1880, of said court, the cause was again, by *consent of parties*, continued generally. No other order was made in said cause until it was docketed in the circuit court of Taylor on the 21st of March, 1881. On the 30th day of March, 1881, the following order was entered in said cause:

" This day came as well the plaintiff by his attorney as the defendant Saffell by his attorney, and neither party requiring a jury, the court from the evidence introduced is of opinion and doth consider that the plaintiff recover from the defendant Saffell the sum of one hundred and eighty-one dollars and seventy-three cents with interest thereon from the 18th day of May, 1880, until paid, and his costs herein." No objection was made to the entry of this judgment by either of the defendants. To this judgment the defendant Saffell has obtained a writ of error and *supersedeas* from a judge of this Court.

*John T. McGraw* for plaintiff in error.

*Flick & Rohrbaugh* for defendant in error.

WOODS, JUDGE:

The plaintiff in error insists, that the county court erred, in overruling his demurrer to the declaration; in rejecting the plea in abatement; in setting aside said judgment of nonsuit, and permitting the plaintiff below, to file his amended declaration; "and that the circuit court erred in rendering a separate judgment against him; the action being joint there could not be a separate recovery or judgment in this suit, both defendants being alive, and process executed upon both of them; and also in rendering any judgment against him."

The plea in abatement was fatally defective, because it did not state what the proper name of Saffell was, so as to give the plaintiff a better writ; and also because there was in fact no variance between the summons and the declaration,

the names *Saffell* and *Saffle* being *idem sonans*; it was therefore properly rejected. There was no such defect in the plaintiff's declaration, as to prevent the court from rendering judgment thereon, according to the very right of the case, and the demurrer thereto was properly overruled. But the supposed defect became immaterial, when the amended declaration was filed, to which no objection was ever made. Neither did the court err in setting aside the judgment of non-suit. The motion was made, and the order entered at the same term at which the judgment of non-suit was entered, the record was in the breast of the court. The motion was addressed to the discretion of the court, and in the absence of anything to show that such discretion was wrongfully exercised, to the injury of the plaintiff in error, this Court must presume it was properly exercised; and the same is true also, as to the leave given to file the amended declaration.

It will be observed that when the action was tried as to the defendant Saffell, he was present by his counsel, and waived his right to a trial of the issue by a jury and submitted the whole case to the judgment of the court. The declaration was upon a *joint and several single bill,* and the only issue in the case was upon the joint plea of *nil debent,* and therefore no evidence could properly have been introduced to show that either of the defendants did not originally owe the debt. The plea seems to have been treated as a plea of payment, and therefore the evidence as to this defence necessarily went to the whole ground of the action against both of the defendants, no evidence could properly have been received to show that the action was barred as to the defendant Saffell, by any defence personal to himself. The case presented by the record, is simply one where the plaintiff has brought his joint action against joint obligors, in a joint and several obligation, where no defence merely personal to either of the defendants is attempted to be set up, duly matured for trial as to both, wherein one of the defendants, at a term of the court when the case was ready for trial, as to both, acknowledged the plaintiff's action for part of his demand, and a separate judgment therefor was rendered against such defendant which was accepted by the plaintiff; and where at a subsequent term, upon a trial of the issue as to the other de-

fendant, a separate judgment for the same amount was rendered against him, without objection made in that court, at that time or afterwards. Did the court err in rendering said judgments or either of them?

The plaintiff in error insists that the court erred in rendering the last separate judgment, and that if any judgment at all could have been rendered against the last defendant, it ought to have been a joint judgment against both defendants.

It is a well established rule of the common law, that the plaintiff upon a joint contract, must sue all the joint contractors, and bring all of them before the court, and mature his cause against all, or if any could not be brought before the court he must proceed to outlawry against such defendants before he could obtain a judgment against any of them; and that he must recover a joint judgment against all the defendants, except such as may be discharged from liability by a defence personal to themselves, such as infancy, bankruptcy or any other matters which do not go to the foundation of the action, or against none of them; and this result followed in every joint action, whether brought upon a joint, or upon a joint and several obligation, for the plaintiff having elected to treat it as joint, he took his joint remedy subject to all the incidents of a joint contract. *Taylor* v. *Beck,* 3 Rand. 316; *Baber* v. *Coock,* 11 Leigh 606; *Peasly* v. *Boatwright,* 2 Leigh 196; *Jenkins* v. *Hunt's Com'rs,* 2 Rand. 446; *Early* v. *Clarkson's Adm'r,* 7 Leigh 7.

It is a rule equally well settled that where the contract was several, and not joint, each of the persons severally bound, could be sued separately; and so where the contract was *several* as well as joint, the plaintiff was at liberty to treat it as a several contract, and in that case also, he could sue the parties so bound severally, and in both cases, recover against them separate judgments. And this course upon a joint and several contract was preferable to a joint action against all for if one of the joint obligors died before suit brought or during the action or after judgment, all remedy at law, against the estate of the decedent was lost, and the legal remedy for the recovery of the demand could only proceed against the surviving obligors, or the administrator of the last survivor. Therefore where the contract is joint and several,

and the debt considerable in amount, it is most advisable to proceed separately, so that the creditor may thereby retain all his legal remedies against each, in case of the death of one or more of the parties. 1 Ch. Pl. p. 51; Bac. Abr. title "Obligation" D. 4; *Enys* v. *Donnithorn*, 2 Bur. 1190. But as the case under consideration was a joint action, shown by the *declaration* to be brought upon a *joint and several* single bill, with process executed on both defendants, and ready for trial as to both, at the time the defendant Bircher confessed the judgment, "which was accepted by the defendant," what is the effect of such confession of judgment, at the common law, and under our statute, on the right of the plaintiff to further pursue the defendant Saffell at a subsequent term of said court? Some of the questions presented by the record in this case, were considered by this Court in the case of *Snyder* v. *Snyder*, reported in 9 W. Va. 415. In that case the plaintiff brought an action of debt, against two joint obligors, served process on both, who appeared generally to the action and pleaded to issue, but before trial one of the defendants appeared in open court, and confessed a judgment in favor of the plaintiff for one thousand one hundred and eight dollars and thirty-three cents, and costs, and the same was entered as a separate judgment. At the same term and on the same day the issue in said action was tried as to the other defendant, and the jury returned a verdict against him for one thousand one hundred and two dollars, and he thereupon moved the court to set aside said verdict, which motion was continued until the next term when the same was overruled. He then moved to arrest the judgment, which motion was also overruled, and the court entered a separate judgment against said defendant upon the said verdict. In that case this Court held that the said separate judgments were erroneous, and reversed both, and entered a joint judgment against both defendants, upon the verdict of the jury. From the statement of the case as reported, it appears the action was brought upon a *joint obligation* only, but having examined the transcript of the record in that case, now on file here, we find the obligation was *joint and several*, but the plaintiff having elected to treat it as a joint obligation, the incidents of the common law rule attached to her action, and she was

obliged to take a joint judgment, and could not take separate judgments against each defendant. In that case her *declaration did not show*, that she could have brought a several action, but showed the reverse, that she could maintain only a joint action. What would have been the effect of such confessed separate judgment if the declaration had shown that the obligation was *several as well as joint*, was not considered or decided. But in that case, the issues were tried by a jury, and the defendant by moving in arrest of judgment resisted the entry of a separate judgment against him upon the verdict. In the case at bar the case was tried as to other defendants and the separate judgment rendered against him at the third term after said confession of judgment, and no motion was made to set the same aside, or for a new trial; but from the fact that said Saffell was present by his attorney and waived a trial by jury, we are strongly inclined to believe, that this judgment was entered by his consent.

We must bear in mind that by the common law the plaintiff, in his joint action against joint obligors, was entitled to a joint judgment against all of them or none of them. He could not, without his consent, be deprived of this right by part of the defendants appearing in court, and confessing a judgment in his favor, for even the whole of his demand.

By the common law, a sole defendant, and in any action, all the defendants had the right at any time to appear in court in term, and confess judgment for the whole of the plaintiff's demand but less than the whole could not do so, for his right to a joint judgment against all who were jointly bound, was perfect. But as it often happened that one of the defendants did not care to resist the plaintiff's demand, he was willing to acknowledge the plaintiff's action as to him, leaving the others to carry on the controversy if they desired to do so. This acknowledgement is familiarly known as a *cognovit actionem.* Sometimes in practice a formal judgment upon such confession was entered against the party making the same, while the plaintiff continued to prosecute his action to judgment against all the other defendants, and as the plaintiff was only entitled to recover, and the court had only authority to render *one judgment in the cause*, and that judgment was required to be jointly against all, for the amount

ascertained by the verdict of the jury, on the trial of the issues as to the other defendants, or *against none*, it necessarily followed, that the formal entry of a judgment upon such *cognovit actionem* did not change its character, or invest it with the force and effect of a judgment, but that on the contrary it could only have effect by virtue of the judgment thereafter to be rendered upon the verdict, which might diminish or extinguish it altogether; and this has been repeatedly held by the court of appeals of Virginia, as it was held by this Court in *Snyder* v. *Snyder, supra.*

Failing to note the distinction between the *cognovit actionem* and *the unwarranted entry of a formal judgment* thereon, has tended to create an apparent conflict where none in fact exists between well settled principles of law, in cases where the *cognovit* and the formal judgment thereon are entered at one term of the court, and the trial, verdict and judgment as to the other defendants, are had at a subsequent term.

Where the formal judgment upon a *cognovit actionem* is entered at one term, and the action continued as to the other defendants, and the court adjourns for the term, what becomes of said judgment? It is well settled that if the court has *jurisdiction* to enter up judgment in any case and the same is so entered, and the term of the court is at and end, such judgment, however erroneous the same may be, has passed forever beyond the control of the court which rendered it, and the same becomes a final, valid and binding judgment, and continues in full force unless, and until the same is reversed by some appellate proceeding. If then the issues in such cause be tried at a subsequent term and the verdict of the jury is in favor of the other defendants, what judgment could the court render? By the common law as we have seen he must render a judgment upon the *verdict* so found; he must render the same judgment in favor of, or against all the defendants. Against the defendant entering the *cognovit*, judgment has already been entered in favor of the plaintiff for all his demand; the term has adjourned, it has forever passed beyond the control of the court which rendered it, and become irreversible, and thus if such formal entry upon such *cognovit* be *"in fact a judgment,"* this absurdity follows that the court can render no judgment at all in favor

of the defendants, because the law requires the court to render same judgment in favor of or against all the defendants, which it is impossible for it to do, as it has no power to reverse the erroneous judgment entered· upon such *cognovit* against the other defendant. If the *cognovit*, and the formal entry of judgment thereon, and the trial of the issues as to the other defendants take place during the same term the question is free from difficulty, for during the term the whole record is in the breast of the court, and judgment can be entered upon the verdict in favor of, or against all of the defendants, and thus the plaintiff would recover a joint judgment against all of the defendants or none.

The effect of a confession of judgment by one or more defendants jointly bound with others, sued in a joint action, has been considered in a large number of cases by the court of appeals of Virginia.

In *Jenkins* v. *Hart's Com'rs*, 2 Rand. 446, the plantiffs brought their joint action against Jenkins and Young, on a joint promise in writing to pay certain money. Jenkins appeared and pleaded payment; Young failing to appear, there was judgment by default against him. Jenkins then relinquished his plea, and the county court rendered a separate judgment against him. Jenkins appealed to the circuit court which affirmed the judgment of the county court, but the court of appeals of Virginia, upon a writ of error, reversed the said judgment and entered a joint judgment against both defendants.

In *Taylor* v. *Beck*, 3 Rand. 316, Beck brought two actions of debt on two negotiable notes executed by Taylor and endorsed by John F. Woodford and W. Woodford. The suits were brought against the defendants jointly under the statute. W. Woodford pleaded *nil debet*, and Taylor and John F. Woodford pleaded *nil debent*, and issues were joined on all the pleas. W. Woodford confessed judgment in both cases. In one of the cases the court entered up a formal judgment on such confession. In the other case the plaintiff objected, and the court for that reason refused to enter up a judgment on the confession. Afterwards the issues in both cases were tried and verdicts found for the plaintiff. Upon the verdict in the cause in which the judgment upon

such confession was entered, the court entered a judgment against Taylor and John F. Woodford; and upon the verdict in the other case, where the court refused to enter judgment upon such confession, the court entered a joint judgment against all the defendants. Both of these cases were carried to the court of appeals of Virginia, where the question was elaborately discussed by Judges Coalter, Cabell, Carr and Green, and all the judges concurred in the following propositions: "That in a *joint action* the plaintiff must recover against *all* or *none*; that the plaintiff has a right to a *joint* judgment against all the defendants for his debt and *all* his costs; that of this joint judgment said W. Woodford had no right to deprive him by having his *cognovit actionem* entered finally against the will of the plaintiff, while the action was depending on the pleas of the other defendants; that the *cognovit* tendered, could only be received and entered as an interlocutory judgment dependent on the final judgment to be rendered in the case."

The court of appeals of Virginia in that case affirmed the judgment of the circuit court, in that cause wherein final judgment was entered jointly against all the defendants, but reversed the separate judgments entered in that cause, wherein judgment had been entered upon the *cognovit actionem* and entered a joint judgment against all the defendants in that cause. Cabell, judge, in his opinion delivered in that cause says "that no final judgment could regularly be entered upon that confession until the issues as to the other defendants, were disposed of; nor could any final judgment be entered even then, but in conformity with the finding upon those issues. Notwithstanding his confession the judgment even as to him must await and be dependent upon the verdict as to the other defendants. The judgment as to him and them must be joint. If judgment be for them it must be for him also notwithstanding his confession, and that while the statute makes a confession of judgment equal to a release of errors, it has no effect in this case. The confession only releases errors antecedent thereto, but does not justify subsequent irregularities by the court."

In the case of *Beaseley* v. *Boatwright*, 2 Leigh 196, it was decided that in joint action of debt against two, where there

was judgment by default against one, and the other pleaded, and there was a verdict against him, there should be one and the same judgment against both.   This cause had been tried in the county court, which had entered a separate judgment against the last defendant, judgment having been previously entered against the other.   The last defendant appealed to the circuit court, which reversed the judgment of the county court only because separate judgments had been entered against the two defendants, and the circuit court thereupon entered a joint judgment against both defendants and the court of appeals affirmed the said judgment of the circuit court.   If this trial of said issues took place in the said county court at a term subsequent to that at which the judgment by confession was entered, and the same possessed any force or effect as a final judgment, how could the county court at a subsequent term reverse such judgment?   But regarding the entry of the judgment upon such confession void as a judgment, and treating the confession and the judgment thereon, simply as a *cognovit actionem*, the difficulty is at once removed, and the *cognovit* simply awaits the judgment of the court upon the verdict found upon the issues made by the other defendants.   The question as to the necessity of a joint judgment, upon a joint proceeding, was again before the court of appeals of Virginia in the case of *Early* v. *Clarkson*, reported in 7 Leigh 83.   The plaintiff in that case sued out a *scire facias* to revive a judgment against two persons jointly and matured the cause as to one only, and took separate judgment against him alone.`   The court of appeals reversed the judgment, and held that in such a *joint* proceeding against two and in all joint actions it was error to enter final judgment against one until the plaintiff matured his case as to all so that a joint judgment could be entered against both, or until he has proceeded against the other as far as the law authorizes him to proceed.

Tucker, Judge, delivering the opinion of the court in the last case cited, presents the reason and justice of this rule, and the necessity of adhering to it with so much terseness and perspicuity, that we do not hesitate to adopt it, in preference to anything that we might be able to advance upon the same subject.   He says:   "I may be willing to write as

surety for one who is jointly bound with me, because I know that no judgment can be rendered against me, which is not also pronounced against him; and I also know that upon the emanation of a joint execution according to the ordinary course, it will be levied upon the goods of my principal instead of my own. But I may be unwilling to bind myself severally as well as jointly because in that case I may be first sued, and compelled to bear the brunt of the demand for a debt really due from another. A several action cannot be brought on a joint bond; if the bond be joint, the action must be joint. If on a joint bond the creditor must sue all for the benefit of each, how can it be that he is not bound to prosecute it to judgment, or at least as far as the law will enable him to go? The conclusion is inevitable, if he is bound to sue all jointly he must prosecute the suit to a joint judgment, or at least as far as the law will enable him to go." Such is the rule of the common law, in regard to joint actions upon joint, or upon joint and several contracts; to authorize a departure therefrom, the aid of some statute must be invoked, and where we can bring ourselves within the operation of such statute, we can only go as far as it authorizes us to go. The plaintiff at common law in a joint action being thus entitled to a joint judgment against all the defendants, and any of the defendants having the right to appear in term and acknowledge the plaintiff's action for the whole of his demand, and thus end the controversy as to him, these two common law rules must, like two statutes, be so construed as to attain the end for which each was established, without impairing the rights secured by either. This can only be done, by simply entering the defendants *cognovit actionem,* of record, and whether so entered, or entered as a formal judgment by confession, where the action is not discontinued as to the other defendants, and treating it as a simple acknowledgment of the plaintiff's action, possessing *none of the force or effect of a judgment,* until the issues in the cause are tried by the jury, when the only judgment which can be rendered in the action, is rendered upon the verdict of the jury against all of the defendants, or against none of them. But in such a case if the plaintiff upon receiving such *cognovit actionem* from one defendant discontinue his action as to the other

defendant he may have final judgment against such defendant so confessing the same, for then it does not appear that anything further remains to be done. The same doctrine was held by said court of appeals in *Baber* v. *Cooke*, 11 Leigh 606, and the court there "held that upon well established principles, except in a few cases, the rule is general, that he who sues upon a joint contract, cannot recover a separate judgment against one of the defendants. So firmly is this principle fixed, that even where one of two joint defendants confesses the plaintiff's action *no judgment* can be entered against him, until the issue made by his co-defendant is tried; and it is *wholly set aside* if the issue be found for the co-defendant." The 52d section of chapter 125 of the Code of West Virginia makes no other change in this principle, than to provide "that in a *joint action* if the process be executed as to some, and not as to all, the plaintiff may proceed to judgment against those upon whom the process has been served, and discontinue as to others, or proceed against them successively." But even in that case, if in any of the successive trials, the action should be defeated by any of the defendants upon grounds, which went to the foundation of the whole action, all of the successive judgments would be invalidated. 4 Min. Inst. §§ 615, 650, 872. But as this question does not arise in the case under consideration we do not undertake to decide it.

We conclude therefore, that where a joint action is brought upon a joint, or upon a joint and several contract, and all of the defendants are alive and have been served with process, only one judgment can be rendered therein, and that judgment must be jointly against all of the defendants, or none of them. And if one or more of said defendants confesses in court a judgment in the action for the whole of the plaintiff's demand, or so much thereof as he is willing to accept, and the court enters up a formal judgment upon such confession, and the action is not discontinued as to the other defendants, but is continued in order to be tried as to them, such confession alone, or such confession and entry of judgment thereon are in effect *no judgment*, and are to be held as nothing more than an acknowledgment of the plaintiff's action to that extent, and the court can enter no judgment thereon until the

issues are tried as to the other defendants, and even then the judgment upon the verdict must be rendered jointly in favor of the plaintiff against all of the defendants, or against none of them.   Where all the joint defendants are before the court, and the action as to any of them is not barred by any defence personal to any of such defendants, and one of such joint defendants in court confesses judgment in the action, and the action is further proceeded in against the other joint defendants, the court cannot enter a final judgment upon such confession, and if it does in fact enter up a formal judgment thereon such formal judgment entered under such circumstances is a nullity, nor does such formal entry of such judgment acquire any validity because the plaintiff agreed to accept the same, unless at the same time he discontinues his action against the other defendants.   As such *cognovit actionem*, has none of the force or effect of a judgment while the action is waiting the trial of the issues as to the other joint defendants, it is wholly immaterial, whether the issues be tried at the same term at which such confession of judgment is entered, or at any subsequent term, for until the trial of the issues as to the other defendants, the confession awaits the final judgment upon the verdict, jointly against all the defendants, or none, notwithstanding such *cognovit actionem* and the formal judgment thereon against the defendant who confessed said judgment.   When such confession has been made and the issues are tried as to the other defendants it is the duty of the court to enter judgment upon the verdict jointly against all the defendants, or against none of them.

By section 19 of chapter 131 of the Code of West Virginia it is enacted, "that in an action founded on a contract against two or more defendants, although the plaintiff may be barred as to one or more of them, he may have judgment against any other or others of the defendants against whom he would have been entitled to recover, if he had sued them only."

It is difficult to determine just how far the Legislature intended, by this enactment, to relax the rigid rule of the common law which we have been considering.   It certainly was never intended to abolish the rule, and with it to destroy the distinctions between joint and several contracts, and joint and several actions thereon; nor are we at liberty to presume

that it was intended to destroy the rule that the *allegata* and *probata* must agree and permit the plaintiff to set up one contract in his declaration, and recover upon a wholly different contract, proved at the trial. Such a construction of this statute would destroy the securities thrown around legal proceedings whereby a man is entitled to be plainly informed of the character of the claim preferred against him, in order that he may know how to make his defence.

Nor are we, in the absence of any binding authority compelling us to do so, willing to follow the construction placed on section 19 of chapter 177 of the Code of Virginia, which is exactly similar to said section 19 chapter 131 of the Code of West Virginia, by the court of appeals of that State in the cases of *Bush* v. *Campbell*, 26 Gratt. p. 428, and *Muse* v. *Farmers Bank*, 27 Gratt. 254, and hold that a plaintiff may bring his joint action against defendants alleged to be jointly bound, and recover against some of the defendants, although his joint action as to others of said defendants is barred by a defence which showed that no such joint contract with said defendants ever in fact existed.

It seems to us that by the enactment of section 19 chapter 131 of the Code of West Virginia, the Legislature only intended to relax the rigid rule of the common law, which we have been considering so far, as to permit a plaintiff who brings his joint action against all the joint contractors, to recover against one or more of them, although the action may be barred as to others, where the plaintiff's declaration shows that he could have recovered against any of them *separately*, if he had *sued them only*, and where he proves at the trial the contract as alleged in his declaration. *Steptoe* v. *Reed*, 19 Gratt. 1; *Moffett* v. *Bickell*, 21 Gratt. 280; *Choen* v. *Guthrie*, 15 W. Va. 111.

Where the action is joint against all the joint obligors, all of whom have been served with process, or have entered a general appearance to the action, and the plaintiff's declaration shows that the obligation sued on is joint and several, the plaintiff may at his election on the trial, treat the action as several against each because it appears to the court by the record that the plaintiff might have recovered separate judgments against some of the defendants, if he had sued them

only. In such a case the defendants would have no right to complain if the plaintiff took separate judgments against those who were severally liable, as he might have done so if he had sued them separately. Where one of the defendants in a joint action in which the declaration shows the defendant might have been sued separately confesses a judgment, and the defendant as to whom the issue was tried, waived a trial by a jury and submitted the matters of law and fact to the judgment of the court, and neither moved for a new trial, nor in arrest of judgment nor in any manner objected or excepted to the action of the court in rendering a separate judgment against him for the same amount for which his co-defendant confessed a judgment, this Court will presume that the judgment of the court was warranted by the evidence.

As the declaration in the case under consideration, showed that the plaintiff's action although jointly brought against both the defendants, was founded upon an obligation which was *several as well as joint,* and that the plaintiff might have recovered judgment against either of them if he had sued one of them only, although his action had been barred as to the other, the plaintiff had a right to take the said separate confession of judgment against the defendant Burcher, and also the said separate judgment against said Saffell. The said Saffell made no objection in the circuit court nor in any manner excepted to its action in rendering said separate judgment against him, and we are of opinion that there is no error in the judgment rendered against said Saffell by the circuit court of Taylor county on the 30th of March, 1881, and the same must be affirmed with costs to said Hoffman, defendant in error against the plaintiff in error, and damages according to law.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.