# CHARLESTON.

AARON ARMENTROUT *v.* S. H. SMITH & BROTHER, *and* JOHN G. HARMON.

Submitted September 9, 1902. Decided November 29, 1902.

1. JOINT OBLIGORS—*Judgments.*

 Section 52, chapter 125, Code, so far changes the common law as to permit a plaintiff to take several judgments against several joint obligors, as they are served with process in the same suit. It does not authorize more than one suit against all or any of the obligors, whether served with process in the first suit or not. As to the bringing of more than one suit on the same joint cause of action, the common law rule remains unchanged. (p. 98).

2. JUDGMENT—*Joint Obligors.*

 A judgment against two joint obligors served with process is no bar to a subsequent judgment against a third obligor *in the same suit* who was not served with process or before the court at the time the first judgment was rendered. (p. 98).

Error to Circuit Court, Grant County.

Action by Aaron Armentrout against S. H. Smith and others. From a judgment of dismissal, plaintiff brings error.

*Affirmed.*

F. M. Reynolds and L. J. Forman, for plaintiff in error.

J. N. McMullen, for defendants in error.

Dent, President:

Aaron Armentrout complains of a judgment of the circuit court of Grant County dismissing his action against S. H. Smith & Brother and John G. Harmon, on the plea of *res adjudicata*.

The facts are as follows: At February rules, 1897, plaintiff instituted an action of *assumpsit* against the defendants on two joint promissory notes. No service of summons was had on defendant Harmon, and at the March term of court judgment was taken by default against S. H. Smith and Brother, for the amount due on the note, three hundred and thirty-eight dollars and twenty cents. The mistake having passed undiscovered until after the term had ended at the October term of court, 1898. A motion was made by the plaintiff after due notice to set aside the judgment, which motion was overruled. No effort was made to sue out a new summons in the same suit against the defendant Harmon. At the February rules, 1899, a new action was instituted by the plaintiff on the same two notes, totally disregarding the former action and judgment. The defendant thereupon appeared and plead the former judgment in bar. The sole question now presented is as to whether the judgment against the two joint promissors in the first is a bar to any judgment that might be rendered in the second suit. At common law this is unquestionably true. In 2 Tuck. Com. 212, it is said: "There is, however, this objection in the case of a joint contract to the non-joinder of one or more of the several parties liable, that if judgment be obtained against one or more of the several parties liable, that if judgment be obtained against one in a separate action against him, on such contract the plaintiff cannot afterwards proceed against the parties omitted, and consequently loses their security." 15 Am. & En. En. Law, 342, 344; Freeman on Judgments, s. 231. 20 Am. & En. En. Law, (2d Ed.) 599. Plaintiff insists that this rule of the common law is abrogated by section 52, chapter 125, Code, in that it authorizes a plaintiff to proceed to separate judgments against several defendants, as

they are served with process and that a joint judgment against them is no longer necessary unless served with process and thereby several actions may be brought against them severally on the same joint obligation.

JUDGE EDMISTON in construing this section in *Snyder* v. *Snyder,* 9 W. Va. 420, says: "Under this statute, there may be had as many several judgments on a joint obligation as there are parties to the obligation, dependent wholly upon the service of process." That is to say that the plaintiff, notwithstanding the judgment taken against S. H. Smith & Brother, had the right in the same suit to sue out summons against J. G. Harmon, and when the process was returned executed, could take a separate judgment against him without regard to the judgment already taken against the other joint obligors. The statute being in derogation of the common law must be construed strictly, and its meaning cannot be so extended as to authorize separate actions on a joint contract against each of the obligors. To hold this would be to entirely destroy the distinction between joint and several contracts, and make all contracts several. The motion to set aside the judgment in the first action, which was overruled, has nothing to do with the question in controversy as under the statute that judgment though not set aside, would not be a bar in the same suit to new process, and a separate judgment against a defendant not served, for the statute expressly authorizes this course. Because, however, the statute authorizes a new summons and a separate judgment in the same suit, it cannot be held to authorize a new suit on the same cause of action without regard to the first. Such looseness of pleading could not possibly be tolerated, even on a several contract, as many separate suits cannot be brought against all the obligors as there are obligors, but one separate suit may be brought against each or any number of the obligors. No one of them can be sued twice. In the present case a second separate suit is brought against all the obligors, although judgment has already been obtained against two of them. This judgment at common law was a bar to any further proceedings against any of the obligors on the same cause of action. The bar has not been changed by the statute except as against further process and judgment in the same action as to obligors not before summoned. *Beazley's Admr.*

v. *Sims, Admr.*, 81 Va. 644. This case is exactly in point, and since it was decided, the Virginia legislature to obviate the effects thereof has added to the section these words, "Such discontinuance of the action as to any defendant shall not operate as a bar of any subsequent action which may be brought against him for the same cause." This clause has not been added to the section of the statute under consideration, by the legislature of this State. Whether it is wisdom to do so future legislators must determine. As it stands now it does not authorize the present suit. Hence, the circuit court committed no error in dismissing it.

The judgment is affirmed.

*Affirmed.*