# CHARLESTON.

ARMENTROUT v. SMITH *et al.*

Submitted September 10, 1904—Decided December 6, 1904..

1. RES ADJUDICATA—*Promissory Notes—Plea in Bar—Joint Ob-ligor.*

A. instituted his action against S. & Bro. *only* upon two joint. promissory notes, made by S. & Bro. and H. Judgment was re-covered by him in the action against S. & Bro. for the full. amount ·due upon the notes, which judgment remained in full force and effect.    At a subsequent term, A. caused the action to be reinstated upon the docket, remanded to rules, summons to· be issued thereout, and served on H. who appeared at the next term and plead the judgment against S. & Bro. as a bar to the suit against him.    The court sustained the plea and dismissed' the suit, at the costs of the plaintiff.    *Held:* No error.    (p. 358).

Error to Circuit Court, Grant County.

Action by Aaron Armentrout against S. H. Smith & Bro. and' another.    Judgment for defendants, and plaintiff brings error..

*Affirmed.*

REYNOLDS & FORMAN, for plaintiff in error.

A. J. WELTON, for defendants in error.

MILLER, JUDGE:

S. H. Smith & Bro. and John G. Harman executed to Aaron· Armentrout their two joint promissory notes, one for $290.00, and the other for $200.00.    On the 27th day of January, 1897, Armentrout sued out of the clerk's office of the circuit court of Grant county, a summons, commencing his action against S. H.

Smith and R. C. Smith, as partners, composing said firm, re-
quiring them to answer him of a plea of trespass on the case in
*assumpsit.* At the February rules, next thereafter, he filed his
declaration in the action, in which he counted on said notes
against Smith & Bro. and also against Harman, but Harman
was not included in, or served with, the summons, nor was he
otherwise brought before the court.

In this condition of the case, judgment was taken by default
against Smith & Bro. *only,* for $338.20, the amount due to the
plaintiff upon the notes sued on. Afterwards a motion of the
plaintiff to have the judgment set aside was overruled by the
court, but "without prejudice to the right of said Armentrout to
bring suit on said notes against the said S. H. and R. C. Smith
and John G. Harman." Later, a new action was instituted
against the Smiths and Harman upon the notes, totally disre-
garding the former action and judgment therein. Harman
plead the former judgment in bar of the second action against
him. His plea was sustained; the action dismissed at the costs
of the plaintiff; and the judgment of dismissal affirmed by this
Court. *Armentrout* v. *Smith et al.,* 52 W. Va. 96.

After the affirmance of the last mentioned judgment, the cir-
cuit court, on motion of the plaintiff, re-instated the original ac-
tion on the docket; awarded summons thereout against Harman,
and remanded the case to the rules to be matured thereat.
Summons was issued and served on Harman, who, at the March
term, 1904, appeared and moved the court to dismiss the action,
but admitted that, if plaintiff was entitled to judgment against
him therein, such judgment should be for $366.28, with interest
thereon from that date. The court sustained his motion, dis-
missed the action, and rendered judgment against the plaintiff
for costs. That judgment is now before us for review on writ
of error. Harman was not a party to the original action, at its
commencement, or when judgment was rendered therein as
aforesaid against Smith & Bro. his co-makers of the notes. The
process to commence a suit shall be a writ, commanding the
officer to whom it is directed, to summon the defendant to
answer the bill or action. Code chapter 124, section 5; *Geiser
Mfg. Co.* v. *Baldwin,* 53 W. Va. 523. The last mentioned judg-
ment became and is now final and binding upon the plaintiff,
Armentrout, and defendants, S. H. and R. C. Smith. That suit
was ended by the judgment therein. "It is *res judicata.* The

original cause of action is gone." 1 Herman, Est. & Res. Jud. section 124. No other or further judgment could or can be rendered against Smith & Bro. upon the notes. The re-instatement of the first action on the docket and issuance of summons thereout against Harman, if it had any legal effect, was a new action against him alone for the recovery of the money due upon the notes, which, before that time, had been adjudicated between Armentrout, payee, and Smith & Bro., co-promisors therein with Harman. Such action cannot be maintained. 1 Herman, Res. Jud. section 564, says: "So in an action brought against two or more of the makers of a joint and several note or bond, without including all, it discharges the reaminder of them, the obligation being lost in the judgment that binds only those parties against whom it is rendered. A judgment on a bond or contract extinguishes that bond or contract, because there cannot be liabilities on both instruments, and as a judgment and a bond import an absolute liability, the legal obligation of the inferior obligation must be considered as at once blotted out. So a judgment against a joint debtor on a joint cause of action, merges the liability of all." 2 Black on Judg. section 770, cites the supreme court of Wisconsin as follows: "It is perfectly well settled that if the holder of a joint debt or obligation sues one of the joint debtors, and obtains judgment thereon against him, and then sues another of the joint debtors for the same debt or obligation, the latter may plead such judgment, against his co-debtor, and bar the action. This is so, because the joint debt is merged in the judgment against the debtor first sued, and being indivisible, it cannot be merged or cancelled as to one, and be existing and operative as to another joint debtor." With reference to the *number* of the defendants, and who must be joined, 2 Tuck. Com. 212, says: There is, however, this objection in the case of a joint contract, to the non-joinder of one, or more of the several parties liable, that if judgment be obtained against one, in a separate action against him on such contract, the plaintiff cannot afterwards proceed against the parties *omitted,* and consequently loses their security. Freeman on Judg. section 231; Am. & Eng. Ency. Law, 342, 344. The Code, chapter 125, section 52, provides that: "Where, in an action or suit against two or more defendants, *the process is served upon part of them,* the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others,

or from time to time, as the process is served as to such others, proceed to judgment as to them until judgments be obtained against them all." This statute applies only to joint defendants against whom process has been issued, but not served as to one or more of them. It permits the plaintiff to obtain judgment in the pending action against those served; and to have execution and judgment lien as to them, although the others also sued and jointly liable may not be before the court. In *Snyder* v. *Snyder,* 9 W. Va. 415, it is held that: "A further exception to the rule that in a joint action there must be a joint judgment is found in the fifty-second section of chapter one hundred and twenty-five of the Code." The opinion, on page 420, states that "under this statute, there may be had as many several judgments on a joint obligation as there are parties to the obligation, dependent wholly upon the service of process." In the former opinion in this case, 52 W. Va. 96, 98, the Court says: "The statute being in derogation of the common law must be construed strictly, and its meaning cannot be so extended as to authorize *separate actions* on a joint contract against each of the obligors. To hold this would be to entirely destroy the distinction between joint and several contracts, and to make all contracts several. The motion to set aside the judgment in the first action, which was overruled, has nothing to do with the question in controversy, as under the statute, that judgment, though not set aside, would not be a bar *in the same suit* to new process, and a separate judgment against a *defendant not served,* for the statute expressly authorizes this course. Because, however, the statute authorizes a new summons and a separate judgment *in the same suit,* it cannot be held to authorize a new suit on the same cause of action, without regard to the first." The Court then holds that, "Section 52, chapter 125, Code, so far changes the common law as to permit a plaintiff to take several judgments against several joint obligors, as they are served with process in the same suit. It does not authorize more than one suit against all or any of the obligors, whether served with process in the first suit or not. As to the bringing of more than one suit on the same joint cause of action, the common law rule remains unchanged." *Armentrout* v. *Smith et al.,* 52 W. Va. 96. No action having been commenced or prosecuted by the plaintiff against Harman on the notes, or either of them, in controversy, until after the said

judgment was rendered thereon against Smith & Bro., which has not been reversed, or in any way impaired, the alleged cause of action as to Harman was and is merged in, and extinguished by, that judgment.

For the reasons stated, the judgment complained of is affirmed.

*Affirmed.*