# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## WILLIAMSON *vs.* ONG & McGREW.

January Term, 1865.

1. O. and McG. confessed a judgment in favor of W. for 500 dollars, interest and costs, subject however to sundry credits. Execution was issued thereon without endorsing the credits. After a levy had been made, O. and McG. gave notice to W. that they would move to quash the execution because no credits were endorsed, and hence it was a variance from the judgment. Previous to any sale by the sheriff under the levy, the clerk who issued the execution endorsed the credits on it, and they were allowed to O. and McG., by the sheriff, in the sale of the property and settlement of the execution.   HELD:

    1. No injury resulting to O. and McG. by the endorsement of the credits after the issuing of the execution, but on the contrary a benefit, it was error in the circuit court to quash for that reason.

    2. But the credits having been endorsed after notice given by O. and McG. of motion to quash, they are entitled to the costs of their motion.

The facts of this case are substantially given in the opinion of the judge deciding it.

*Brown* and *Richardson* for plaintiff in error.
*U. W. Flesher* for defendants in error.

BERKSHIRE, President, delivered the opinion of the court.

This is a supersedeas to a judgment of the circuit court of *Jackson* county, rendered at the May term 1864, quashing an execution which had theretofore issued on a judgment in favor of the plaintiff in error against the defendants in error.

It appears from the record, that the defendants in error confessed a judgment in favor of the plaintiff in error, in the county court of Jackson county, for the sum of 500 dollars, with interest and costs; and that it was endorsed at the foot of the said judgment, that the same was subject to sundry credits theretofore paid. That afterwards a writ of *fieri facias* issued for the whole amount of said judgment,

without *any* credits being endorsed on the execution. That the sheriff of said county proceeded to levy said execution on the property of the defendants Ong and McGrew, who thereupon gave notice in writing to the plaintiff in error, that they would move the said circuit court, on the first day of the next term, to quash the said execution because of an alleged variance between it and said judgment, on account of the failure of the clerk to endorse said credits on the said execution, &c.

-It also further appears, that after this notice had been served on the plaintiff in error, and before the sale of the property of defendants Ong and McGrew under it, the clerk had duly endorsed said credits on the execution, so as to make it conform to the judgment, and that *after* the credits were so endorsed and *before* the hearing of the said motion to quash, the sheriff sold the property of defendants Ong and McGrew sufficient to satisfy the execution, (less the credits endorsed on same,) and paid over the money to the plaintiff's counsel, and that the defendants Ong and McGrew, made no objections to the sale of their property under said execution, but on the contrary purchased in the same through their agent, who paid over the money to the sheriff before the execution had been quashed.

Did the circuit court err, therefore, under the circumstances, in quashing this execution?

As the credits to which the defendants in error were entitled, had been duly endorsed on the execution, by the clerk, before the sale was made, so that it conformed in every respect to the judgment, it is difficult to perceive any sufficient reason or just ground for quashing the execution, which existed at the time of the *hearing* of said motion. The objection taken by the defendants in error, was not that the execution was *then* variant from the judgment; but that it was so at the time it was issued by the clerk, and that the clerk transcended his powers and authority, by making the endorsement on the execution, whereby it was made to correspond with the judgment *after* the execution had issued and gone into the hands of the sheriff to be levied. But as

I can see no possible injury or grievance that resulted to the defendants, by the endorsement of the credits, but on the contrary a positive benefit, I think it would be unreasonable to quash the same for this reason, and require the plaintiff in error to issue another execution, in order to reach the same end which had already been attained without injury to the defendants. I think, therefore, the court below erred in quashing the execution, and for this reason the judgment should be reversed.

But as those credits had not been so endorsed when the defendants served their notice on the plaintiff in error, and as without those credits being so endorsed, the sheriff was bound to make the *whole amount* of the execution, whereby the defendants would have been injured, I think they were entitled to their cost of said notice and motion: and that the circuit court should have rendered a judgment for the same against the plaintiff in error.

JUDGMENT REVERSED.