# WHEELING.

## JONES v. BROWSE.

*(GREEN, JUDGE, absent.)

Submitted June 18, 1889.—Decided June 24, 1889.

1. JUSTICE OF THE PEACE—APPEAL—PLEADING.

In an action commenced before a justice and taken by appeal to the Circuit Court, if the defendant files an informal plea, which sets up a valid defence to the action, the Circuit Court should not deny him the benefit of his defence, when the plea is such, that a person of common understanding may know what is intended by it.

2. REVIEW.

An action against a receiver as such can not be maintained without the leave of the court by which he was appointed.

*H. M. Russell* and *W. P. Hubbard* for plaintiff in error.

No appearance for defendant in error.

SNYDER, PRESIDENT:

This action was commenced before a justice of Pleasants county in the name of Simpson Jones for the use of T. W. Haines against R. H. Browse, special receiver for Jones & Haines, to recover $300.00, money due by contract evidenced by an account in writing. The account filed is for $386.00, to which is attached the affidavit of said Jones stating, that the account is just, and that no part of it has been paid. Judgment was rendered by default by the justice against the

*On account of illness.

defendant for $300.00 and costs. Upon the petition of the defendant an appeal was allowed, and the case was duly docketed in the Circuit Court of Pleasants county. In said Circuit Court the defendant tendered an answer or plea, in which he averred that he did not assume to pay the demand set forth in the summons; and further, that he is an officer of the Circuit Court of Wood county, and as such can not be sued in another court without the leave of said court; that the possession of the defendant of the trust-property of Jones & Haines is the possession of said Circuit Court of Wood county, and that therefore the plaintiff ought not to have his action aforesaid against him *etc.* Upon objection by the plaintiff, the court rejected said plea, and, the defendant declining to further prosecute his appeal, the court dismissed the same, and in the same order it affirmed the judgment of the justice and ordered, that the plaintiff recover from the defendant $300.00 with interest thereon from June 12, 1886, and his costs, and gave leave to the plaintiff to file his petition to the court in the chancery suits of *A. P. Riggs* v. *J. A. Armstrong, et al.,* and *Jones & Haines* v. *R. H. Gillespie et al.*; pending in the Circuit Court of Wood county, in which suits the defendant had been appointed special receiver to obtain payment of said judgment, but that no execution should issue thereon. From this judgment the defendant obtained this writ of error.

The action and proceedings in this case, both before the justice and in the Circuit Court appear to be anomalous, irregular and erroneous in almost every particular. The claim, upon which the action is founded, seems to be for a sum in excess of the jurisdiction of the justice. The account filed is against and for services rendered to "J. A. Armstrong and the Monitor Tow-Boat & Lumber Company," in which the name of the defendant nowhere appears; and, while the defendant is sued as special receiver for Jones & Haines, the judgments rendered by both the justice and the Circuit Court seem to be against the defendant personally. The Circuit Court after dismissing the defendant's appeal proceeded not only to affirm the judgment of the justice but also to render its own judgment against the defendant, and then inhibits the plaintiff from suing out

execution on either judgment. But aside from all these errors and irregularities the judgment of the Circuit Court must be reversed, because it rejected the answer or plea of the defendant. This plea, if it may be regarded as such, is certainly not in good form; but good form or technical accuracy is not required in cases originating in a justice's court. The statute designates the defendant's pleading in such cases an answer, which may be simply a denial or a statement of facts constituting a defence. No particular form is required; and it will be sufficient if it so states the defence relied upon as to enable a person of common understanding to know what is intended. *Poole* v. *Dilworth*, 26 W. Va. 583; *Todd* v. *Gates*, 20 W. Va. 464.

The defences set up by the defendant in this plea or answer are two: *First, non-assumpsit,* and *second,* that the defendant could not be sued as special receiver without leave of the court, by which he was appointed. The Circuit Court denied the right of the defendant to make either of these defences, when as a matter of law either of them, if proved, was a complete answer to the action. If the defendant never assumed the liability, for which he is sued, then certainly there could be no recovery against him either as receiver or personally.

The second defence is, that the defendant being a special receiver and as such the mere agent or hand of the Circuit Court of Wood county in respect to the liability, for which he is sued, the action against him is virtually an action against said court; and therefore he is not suable in any other court, without the leave of the court, which he represents. It is broadly laid down by High on Receivers, § 254, that it is in all cases necessary, that a person desiring to bring suit against a receiver should first obtain leave of the court appointing him. In *Barton* v. *Barbour*, 104 U. S. 126, it was held, that "no suit can be maintained against a receiver of a railroad company, who is by order of court conducting the business of a common carrier thereon, for injury to persons or property caused by his negligence or that of his servants, without leave of the court, by which he was appointed." This decision was affirmed in *Melendy* v. *Barbour*, 78 Va. 544. Every suit against a receiver as such is a proceeding set on foot to reach the assets in his hands and hence in the hands of the court, that ap-

pointed him ; for the judgment to be entered aginst him can only be payable out of the trust-funds in his hands. *Com.* v. *Runk*, 26 Pa. St. 235 ; *Peale* v. *Phipps*, 14 How. 368. If this action were allowed, we would have the anomaly of a justice attempting to adjust rights and enforce the payment of claims out of trust-property held by a Circuit Court, and which was being administered by it, without leave of that court and without regard to the rights and equities of other claimants to the fund. It would be a usurpation of the powers and duties belonging exclusively to the court and would render it impossible for the court to distribute the fund according to the rights and priorities of the trust-creditors.

It is no sufficient answer to say, that in the case at bar no such attempt was made, but that instead thereof leave was given to petition the court holding the fund for payment of the judgment, because this simply proves, that the court, which rendered the judgment, appreciated the difficulties, by which it was surrounded, and therefore refused to render an unconditional or enforceable judgment.

For these reasons the judgment of the Circuit Court must be reversed, and the case remanded for further proceedings.

REVERSED. REMANDED.