> Action before a justice by York against Bert Free. An entry on the docket reads: "1891, April 4th, H. H. Free appeared and filed bond with Frank Burt as security, and asks that an appeal be granted to the Circuit Court of Marion county. Bond approved, and appeal granted. J. F. Christy, Justice." The appeal bond recites the appeal as asked by Bert Free. The appeal is to be regarded as taken by Bert Free, not H. H. Free.

A. B. FLEMING for plaintiff in error cited 7 Johns. 463; Code, c. 150, s. 180

C. POWELL for defendant in error cited 15 S. E. Rep. 173; 21 W. Va. 796; 1 Black Jdgmts.; 17 W. Va. 540; 23 W. Va. 1; 27 W. Va. 540; 24 W. Va. 181.

BRANNON, JUDGE:

In an action before a justice by York against Bert Free judgment was rendered, and an appeal taken. In the Circuit Court Free moved the court to allow an amendment of the transcript from the justice's docket to cure a mistake in it, and the appellee objected to the amendment and moved the court to dismiss the appeal as improvidently awarded, and the court refused to allow the amendment and dismissed the appeal as improvidently awarded, and Free obtained this writ of error.

The alleged defect in the justice's record made the ground for dismissal of the appeal is that the appeal was not taken by Bert Free but by H. H. Free. Of course, no one but a party can take an appeal; but is this appeal to be regarded as one taken by H. H. Free? That depends partly on the following entry in the justice's docket found in regular order of entries in the case under the proper title of the action :

"1891, April 4th, II. II. Free appeared and filed bond with Frank Burt as security, and asks that an appeal be granted to the Circuit Court of Marion county. Bond approved, and appeal granted. J. F. Christy, Justice."

Take this entry alone. Properly construed, it shows an appeal by Bert Free. A suitor in a justice's court may appear by agent. The motion was not to dismiss the appeal because of want of authority of II. II. Free to act for Bert Free. We must presume such authority after an appeal has been perfected. We construe the entry as showing an appearance by II. II. Free for Bert Free as his agent, and asking an appeal not for himself, a stranger to the cause, but for Bert Free, a party; not for York, as he had no occasion to appeal having obtained judgment for the full amount of his demand, but for Bert Free, the one—the only one—against whom that judgment was rendered.

The courts say that proceedings before justices must be dealt with liberally in order to support and make them reach the ends of justice. Section 180, c. 50, Code, specially provides as to the docket that, "so far as the entries in the docket are concerned the form shall be regarded as immaterial, if the truth be stated so as to be intelligible." Now, why construe this entry so as to make it do the absurd thing of granting an appeal to an utter stranger, when it does not say so, and it is consistent with its language to construe it as intended to grant an appeal to the only party to whom it could be properly granted? If the entry says a party appears and asks an appeal, we take it that he asks it for himself, he being a party; but when he is not a party, that inference is unreasonable; and if we make inference we adopt the reasonable one—that he is seeking an appeal as agent for one who is a party.

When this entry says "appeal granted," and does not say expressly to whom, shall we not say it is granted to a party to the record, rather than to a stranger, who could not in any circumstances appeal, especially as there are but two parties only one of whom could appeal? The entry says, "Bond approved, and appeal granted." When once an appeal-bond is accepted and approved, an appeal is in being, and the justice's further action in sending up a tran-

script from his docket and the papers is only ministerial; and, as there was only one party who could appeal, the approval of the bond gave to him only an appeal.

Go a step further. Bert Free, in the Circuit Court, appeared in this appeal as appellant and moved to correct the supposed mistake. His affidavit in support of the motion and H. H. Free's also show that H. H. Free was made agent to ask the appeal. He thus ratified the act of H. H. Free as his agent, and adopted the appeal as his, and he would be estopped and bound by judgment on the appeal, and the Circuit Court should have further entertained the appeal as his.

Go still a step further. The appeal-bond recites the action and judgment before the justice, and that Bert Free desired an appeal. This bond is part of the record. It ought to be looked to as well as the docket. Read with the docket, if the docket could be regarded uncertain, the bond makes certain who is appellant. The fact, that the bond is not signed by Bert Free, makes no difference, as a stranger may give it.

I do not think it was at all necessary to amend the transcript from the justice's docket. We must therefore reverse the order of dismissal, overrule the motion to dismiss, and remand, with direction to the Circuit Court to proceed with the appeal according to law.