# CHARLESTON

## GRANT *v.* WYATT.

Submitted September 10, 1906.    Decided December 18, 1906.

1. JUSTICES OF THE PEACE—*Pleading—Demurrer.*

   A demurrer, although not expressly provided for by the statute, may be interposed by the defendant to the plaintiff's complaint in an action before a justice, and such demurrer will be treated as an exception to the complaint. (p. 135.)

2. SAME—*Appeal—Liability on Bond.*

   The limit of the liability of a surety on an appeal bond given under section 164, chapter 50, Code 1906, conditioned that the appellant will perform and satisfy any judgment which may be rendered against him by the circuit court on such appeal, is the penalty of the bond. (p. 135.)

3. SAME—*Judgment on Bond—Remittitur.*

   When upon trial of the action upon appeal there is found to be due to the appellee a sum not exceeding the amount of a justice's jurisdiction, but greater than the penalty of such appeal bond, and judgment for such sum is entered against the appellant and his surety on the bond, and the appellee at the time of judgment is allowed to file a *remittitur* or release, as to the surety, of the excess above the penalty of the bond, the judgment allowing the *remittitur* is not void, or prejudicial to the appellant or his surety. (p. 138.)

Error to Circuit Court, Jefferson County.

Action by J. C. Grant against J. E. Wyatt and Ellen Wyatt. Judgment for plaintiff, and defendants bring error-

*Affirmed.*

T. C. GREEN, for plaintiffs in error.

GEO. M. BELTZHOOVER, JR., and FORREST W. BROWN, for defendant in error.

COX, JUDGE:

The process commencing this action, originally instituted before a justice, summoned the defendant to answer the complaint of the plaintiff Grant in a civil action "for the recovery of money for damages," in which the plaintiff demanded judgment for $300.00 with interest and costs according to law. The transcript from the justice's docket shows that the plaintiff "filed his complaint, items of damages sustained to the amount of $300.00." This complaint is as follows:

"J. O. Grant *vs.* J. E. Wyatt.

Bill of Particulars.

1902.

| | | |
|---|---:|---:|
| To preparing 65 acres of land on 'Oak Cottage Farm' near Charlestown, Jeff. Co., W.Va., for wheat | $ 27 | 34 |
| To 1-3 of 65 acres wheat at 16 bus. per acre, 1040 bus. 346 2-3 bus. at 70c per bus | 242 | 66 |
| To plowing 50 acres for corn, 30 days at $1 | 30 | |
| Total | $300 | 00" |

The defendant pleaded *non-assumpsit* and set-offs. The trial resulted in judgment for plaintiff for $143.97 with interest and costs. The defendant appealed to the circuit court of Jefferson county. The appeal bond, with Ellen Wyatt as surety, was in the penalty of $287.94, double the amount of the judgment, and was conditioned that appellant would perform and satisfy the judgment of the circuit court on such appeal. In the circuit court the appellant demurred to the appellee's cause of action as in the record set forth, which demurrer was overruled, and appellant pleaded the general issue and set-offs. Appellant's motion to set aside the verdict and in arrest of judgment was overruled, and judgment

was entered "that the plaintiff do recover of the defendant, J. E. Wyatt, and Ellen W. Wyatt, his surety on the appeal bond given in this case, the sum of three hundred dollars and his costs in the justice's court and in this court expended, the plaintiff hereby remitting and releasing as against said surety all excess over and above the sum of $287.94, the penalty of the appeal bond." For convenience we will hereafter refer to the parties as appellant and appellee, corresponding to their situation in the circuit court. The appellant and his surety bring the case here by writ of error for review.

The first matter presented is the demurrer. The statute does not expressly provide for a formal demurrer in an action before a justice, but does provide that either party may except to a pleading of his adversary when it is not sufficiently explicit to be understood, or it contains no cause of action or defense. Sub-section 6, section 50, chapter 50, Code 1906. A demurrer has been said to be an objection that the pleading against which it is directed is insufficient in law to support the action or defense. 6 Am. & Eng. Pl. & Pr. 296; *Tyler* v. *Hand*, 7 How. (U. S.) 581. The word "except," as used in the statute, is synonymous with the word "object." The demurrer being an objection to the pleading, it follows that it may be interposed by the defendant to the plaintiff's complaint, in lieu of an exception, and when interposed it will be treated as an exception to the complaint.

This brings us to the question as to the sufficiency of the appellee's complaint. The pleadings in a justice's court may be oral or written. The trial upon an appeal may be upon the pleadings filed before the justice, or upon new or amended pleadings. *Poole* v. *Dilworth*, 26 W. Va. 583. No formality in the pleadings is required. If they state a cause of action or defense, as the case may be, in such a manner as to enable a person of common understanding to know what is intended, they are sufficient, however awkward or informal they may be. Sub-section 5 of said section 50; *Davis* v. *Trump*, 43 W. Va. 191; *Jones* v. *Browse*, 32 W. Va. 444. So much of the summons as states a cause of action is to be considered as a part of the complaint. *O'Connor* v. *Dils*, 43 W. Va. 554; *Longacre Colliery Co.* v. *Creel*, 57 W. Va. 347; *Fouse* v. *Vandervort*, 30 W. Va. 327. The complaint re-

ferred to in the justice's docket in this case is called a bill of particulars; but we will not condemn it for its name, if it is sufficient in substance.   It is in form an itemized account by the appellee against the appellant, aggregating $300.00. It shows the nature and amount of each item with which the appellee seeks to charge the appellant.   It is plain and intelligible.   When read in connection with that part of the summons claiming damages and demanding judgment for $300.00, it states a cause of action in such manner as would enable a person of common understanding to know what was intended.   We hold the complaint sufficient.

The appellant and his surety assign as error the action of the court in refusing a new trial, claiming that the evidence was insufficient to support the verdict, and that there was a variance between the evidence and the complaint.   This assignment of error involves a consideration of the evidence, and we do not find that all of the evidence was certified by the court below.   At the time of the entry of the judgment, leave to file a bill of exceptions certifying all of the evidence was taken, but the bill of exceptions afterwards filed does not contain a certificate that the evidence embraced in the bill is all of the evidence adduced upon the trial.   Under these circumstances, we must presume that there was evidence which supported the verdict.   *Dudley* v. *Barrett*, 58 W. Va. 235; *State* v. *Ice*, 34 W. Va. 244; *Edgell* v. *Conway*, 24 W. Va. 747.

The appellant and his surety claim that the judgment is void, or at least erroneous and prejudicial to them.   When the verdict was rendered, the circuit court was presented with an anomalous situation, one which we apprehend rarely occurs.   The verdict was for $300.00; the penalty of the appeal bond was $287.94; the penalty had been fixed in accordance with the statute.   Section 172, chapter 50, Code 1906, provides that, "when the judgment appealed from is against the appellant for any sum of money, and an equal or greater sum is found due by the appellant, judgment shall be rendered by the circuit court against the appellant and those who signed the bond first named in section one hundred and sixty-four, if such bond be given, for the sum due, including interest and costs up to the time the appeal was taken, with damages on the aggregate at the rate of ten per cent per an-

num, until payment, and the costs of the appeal." Section
173 of the same chapter provides: "In all cases of appea
from a justice to a circuit court the court (subject to the
foregoing rules, when they are applicable) shall make any
orders during the progress of the cause which the principles
of law or equity may require; and shall render judgment as
the right shall appear, and proceed to enforce the same as
other judgments of the court are enforced, without remand-
ing the cause again to the justice. The judgment in the cir-
cuit court, if in favor of the appellee, shall be against the
appellant and those who signed the bond." The liability of
the surety on the appeal bond is limited by its penalty.
*Perry* v. *Horn*, 22 W. Va. 385; *Tazewells* v. *Saunders*, 13
Grat. 354; 1 Am. & Eng. Enc. Pl. & Pr. 1016; 2 Cyc. 959.
In providing that the penalty of the appeal bond shall be
double the amount of the judgment in the justice's court,
the legislature must have thought that the recovery in the
circuit court would not be more than double the amount of
the justice's judgment; yet we do not believe that there was
any intention on the part of the legislature to limit the ap-
pellee's right of recovery against the appellant in fixing the
amount of the penalty of the appeal bond. It seems to us
that, under the broad authority of said section 173, the court
might properly have entered a judgment in favor of the ap-
pellee against appellant and his surety for an amount equal
to the penalty of the bond, and a separate judgment against
the appellant for the residue. Unless such disposition of the
case would have been in violation of some rule of law, it
might have been adopted. It is contended that the rule ob-
taining in actions against defendants jointly upon joint or
joint and several instruments, where process has been served
upon all of the defendants, should be applied here, and that
there must necessarily be one and not separate judgments.
See *Snyder* v. *Snyder*, 9 W. Va. 415; *Jenkins* v. *Hurt's
Comrs.*, 2 Rand. 446; *Hoffman* v. *Bircher*, 22 W. Va. 537.
In our opinion, that rule cannot be held to apply here. Why?
Because this is not an action against defendants jointly. The
action is by one plaintiff against one defendant. The surety
on the appeal bond was not a party to the original action. It
was not brought against her. She had no part in the litiga-
tion determining the amount of the recovery. Her obliga-

tion was absolute, but the jointure commenced with the judgment, not with the action. It is not essential that the appellant sign the appeal bond. It may be given by another. *York* v. *Free*, 38 W. Va. 336. Hence, in a case where the appellant did not sign the appeal bond, the judgment against him and his surety could not in any sense be said to have been entered on a joint or joint and several obligation. Clearly, the law of judgments in actions against joint obligors is inapplicable to this case. It may be urged that there can be but one judgment, although the action be against one defendant, and that the judgment must follow the verdict. It seems to us that an adherence to this position would do violence at least to the spirit of the statute providing that the court shall make any order during the progress of the cause which the principles of law or equity may require, and shall render judgment as the right shall appear. When judgment is entered against the appellant and those who signed the appeal bond for an amount equal to its penalty, and against the appellant for the residue, no one is injured and no one prejudiced. The appellant can not complain, because the recovery against him is no more than it should be. The surety can not complain, because the recovery is not in excess of the penalty of the bond.

No question as to interest and damages under said sec. 172 is raised in this case. The appellee did not claim such interest and damages, even if he were entitled to them (which we do not now decide). If it had been claimed that the surety on the appeal bond was liable for interest or interest and damages, in addition to the penalty of the bond, it might be said that the breach of the condition of the bond occurred *eo instanti* with the entry of the judgment. Judgment was entered against the appellant and his surety on the appeal bond for $300.00, the amount of the verdict, and costs, and the appellee was allowed to file a *remittitur* or release of the judgment as to the surety for the excess above the penalty of the bond. Is not the effect of that judgment substantially the same as a joint judgment for the amount of the penalty of the bond against the appellant and and his surety, and an additional judgment against the appellant for the residue of the verdict and costs? It seems to us that it is. While the judgment is joint, it released as to

the surety the excess above the penalty of the bond, but not against the appellant.  The appellant urges that a *remittitur* should have been filed as to both for the excess above the penalty of the bond.  This, to say the least, would work an injustice.  The case of *Pendèrgast* v. *Hodge*, 21 Mo. App. 138, would seem in principle to sustain this judgment and *remittitur* as entered.  In that case, upon the trial of an appeal from a justice, there was a recovery for more than plaintiff's claim against the defendant, and for more than the penalty of the appeal bond.  The plaintiff in the court of appeals offered to file a *remittitur* of the excess above the plaintiff's claim as to the defendant, and of the excess above the penalty of the appeal bond as to the surety, and the court said:  "We have heretofore permitted such *remittiturs* to be entered in this court, where it was clear that the judgment for the residue was for the right party."  The judgment entered in the case before us attains the ends of justice, and we think that it was authorized under the statute.  It is said that execution may not issue on the judgment, because it lacks legal certainty.  We find no difficulty in this respect.  The issuance of a joint execution, with an endorsement by the clerk of the fact that the excess above the amount of the penalty of the bond had been released as to the surety, would obviate all difficulty.  *Williamson* v. *Ong*, 1 W. Va. 84; 8 Am. & Eng. Enc. Pl. & Pr. 424.

For the reasons stated the judgment is affirmed.

*Affirmed.*