# CHARLESTON.

DAVIS v. TRUMP *et al.*

Submitted January 25, 1897—Decided March 27, 1897.

1. RES ADJUDICATA—*Pleading—Question for Court.*
   A plea of former judgment on the same cause of action in bar of the plaintiff's suit, replied to by "No such judgment," should be tried by the court by an examination and inspection of the record, and it is improper to submit the same to a jury. (p. 192.)

2. JUSTICE OF THE PEACE—*Justice's Docket—Entry of Judgment.*
   By section 180, chapter 50, Code, all formalities in the entries of a justice's judgment are dispensed with, and the same is sufficient if the truth be stated so as to be intelligible. (p. 195.)

3. RES ADJUDICATA—*Form of Judgment.*
   Where the plaintiff already has an intelligible judgment, though defective in form and grammar, against the same parties on the same cause of action, he is precluded thereby from instituting another suit therefor before another justice, or in court. (p.195.)

Error to Circuit Court, Raleigh county.

Action by Albert Davis against R. G. Trump and H. S. Morris. Judgment for plaintiff, and defendants bring error.

*Reversed.*

James H. McGinnis and John W. McCreery, for plaintiffs in error.

A. P. Farley, for defendant in error.

Dent, Judge :

Writ of error to the judgment of the Circuit Court of Raleigh county in favor of Albert Davis against R. G. Trump and H. S. Morris for the sum of one hundred and twenty-four dollars, interest, and costs. The facts are as follows : On the 23d day of December, 1893, plaintiff brought suit against the defendants before A. W. Warden, a justice of Raleigh county, for the sum of two hundred dollars, evidenced by note. Defendants appeared, and entered three pleas,—*nil debet*, former judgment on same note, and release of R. G. Trump, surety, by the acts and negligence of plaintiff. After hearing the evidence, the justice gave judgment against H. S. Morris, but dismissed the action as to the surety, Trump. The plaintiff appealed to the circuit court. The same pleas were in, but, so far as the record discloses, no issue was made thereon, other than orally, either before the justice or in court, and the record fails to show that even oral issue was joined. In the circuit court the trial was had alone on the plea of former judgment, to which there was no replication of *nul tiel* record, but nevertheless a trial was had by a jury on this plea ; but, when the defendants offered to introduce the record in support of their plea, and the justice who rendered the judgment, to prove the identity of the same, the court excluded both the justice and his record, and therefore there was nothing the jury could do but find in favor of the plaintiff.

The first error committed by the court was in submitting a plea of former judgment to a jury, and then finally determining it himself by excluding the pleaders' evidence in support thereof. It is elementary law that a plea of this character must be tried by the court by inspection of the record. 2 Tuck. Comm. 274. If the plaintiff admits the existence of the record, that ends the matter, for the plea bars his suit. If he wishes to deny it, he does so by replying that there is no such record, which he prays may be inquired of by the record. The plea should also set

forth the portion of the record relied on, so that issue may properly be joined thereon, and the court may examine and compare the record with the recital in the plea. This is a certain, easy, and fixed rule of practice, and, if complied with, would tend to promote the ends of justice without delay. Neglected, it produces confusion, blunder, and unnecessary costs. To get at the very gist of the case, the only question for the determination of this Court is whether there was such a judgment as the defendants sought to rely upon so imperfectly in their plea, which, however, was not objected to for uncertainty and insufficiency. To sustain their plea, the defendants offered the justice's docket, containing the following record:

"*Albert Davis*, Plaintiff, vs. *H. S. Morris* and *R. G. Trump*, Defendants.

"Plaintiff filed note on defendants for $200.00 due on 3d of Nov., 1891, after date of note, issue summons against defendants for said amount on 12th day of October, 1892, and made returnable at Callaway's store on the 18th day of October, 1892, and placed in the hands of A. F. Hawley, constable of Trap Hill district, Raleigh county, West Virginia, to be executed and returned at said place by the 18th day of October, 1892. C. L. Lester, J. P."

"Callaway's Store, Raleigh County, West Virginia, Trap Hill district, October 18th, 1892. This cause came on to be heard, summonses returned executed, plaintiff being present. Defendants not appearing plaintiffs demanded judgment for $112.00 and costs, amounting to $2.50. Judgment was rendered in favor of plaintiff. C. L. Lester, J. P.

Justice's costs ................................. $1 70
Constable's cost ...............................  80
                                                ─────
    Total cost.................................. $2 50

"Issued execution on the above judgment on the 20th day of October, 1892, and delivered to A. F. Hawley, constable of Trap Hill district, Raleigh county, West Virginia, to be executed and returned in sixty days from date of execution. C. L. Lester, J. P."

"Execution No. 1 returned before me on the 18th day of February, 1893, showing that a levy on one gray horse, household and kitchen furniture, the property of Dr. H.

S. Morris, to satisfy an execution in my hands in favor of Albert Davis, this, the 25th day of October, 1892, A. F. Hawley, C. R. C.   C. L. Lester, J. P."

"Execution No. 2 renewed the 18th day of February, 1893, at plaintiff's request, against H. S. Morris and R. G. Trump, in favor of Albert Davis; levy No. 1, execution transferred to No. 2 execution, this, the 18th day of February, 1893, the execution returned, 'Property not sold.' C. L. Lester, J. P."

"Execution No. 2 renewed to be in full force for 60 days from the 18th day of April, 1893. C. L. Lester, J. P."

"Renewed execution returned before me on the 14th day of October, 1893, showing credit by cash of $2.10, showing on its face that the property being not sold for the reason that was requested by plaintiff to hold up and not sell.   C. L. Lester, J. P."

The justice testified that this judgment was rendered on the same note sued on in the present case.   The circuit court excluded this evidence, in effect holding that it did not sustain the defendants' plea; in other words, that there was no judgment.   This is certainly a very technical holding, for the record shows that the suit was between the same parties, on the same or similar note, and that the justice, at the instance of the plaintiff, and in the absence of the defendants, gave judgment for the balance claimed to be due, to-wit, one hundred and twelve dollars and two dollars and fifty cents costs.   Of course, the judgment could have been written out with greater formality, which the justice might do at any time, having at once put all the essentials thereof on his docket.   The defendants never objected to this judgment, but admitted its binding force and character.   And, if they had, it would have availed them nothing, for, having all the essentials of party, amount, rendition, *etc.*, the justice could have extended it, so as to make it just as formal as required by the most fastidious and technical defendant.   It is claimed that the plaintiff released the defendant's property taken in execution, and ordered the return of the execution, and then brought a new suit before another justice on the same note, through fear that he would get into trouble because the first judgment was defective.   To get out of the open

woods, he wandered into the wilderness. If dissatisfied, why did he not have the justice spread his judgment out more at length? This was unnecessary, for the reason that this Court, in dealing with the proceedings or justices, have uniformly conformed to the rule that no defect therein shall render the same invalid if such proceedings are sufficient to show what was intended thereby, especially when collaterally attacked. Sections 178, 179, chapter 50, Code, among other things, provide that the justice shall enter in his docket the title of the action, *etc.*, under which "the judgment of the justice shall be stated, with the items of the costs included therein." Section 180, same chapter, provides that, "so far as the entries in the docket are concerned, the form shall be regarded as immaterial, if the truth is stated so as to be intelligible." This means "intelligible to a person of ordinary intelligence," and not so plain that "a fool who runs may read." The justice is not required to enter the title to the action more than once in his docket, and, if all the orders in such action are immediately under such title, though the entry be at different times, such entries are sufficiently intelligible to be understood by those of ordinary intelligence. Good grammar is not essential to a good judgment. The mistake of a proper tense will not render a justice's judgment unintelligible or invalid. Justices are not usually educated men, learned either in the intricacies of law or grammar; hence their records must be scanned with the greatest leniency. Such are the provisions of the statute and the holdings of the courts. 1 Freem. Judgm. § 55; *Story* v. *Kimball*, 6 Vt. 541; *Anderson* v. *Kimbrough*, 5 Cold. 260; *Barrett* v. *Garragan*, 16 Iowa, 47; *Church* v. *Crossman*, 41 Iowa 373; *Fish* v. *Emerson*, 44 N. Y. 376; *Faulk* v. *Kellums*, 54 Ill. 189.

Neither is it proper or just that a plaintiff who supposes that a judgment has been defectively entered in his favor by one justice should be permitted to bring another action for the same cause before another justice. But he should have the defective judgment corrected, which the justice has the right to do, on his motion, as to any clerical error committed by him, he being his own clerk. "In whatever respect the clerk may have erred in entering judgment, the court may, on proper evidence, nullify the error by

making the judgment entry fully and correctly show the judgment rendered." 1 Freem. Judg. § 72. This rule prevails, even though both clerk and court is one and the same person, and it covers mistakes which arise from lack of literary attainment, as well as from inadvertance. Such being the law, there is no reasonable justification for the present suit: the plaintiff's cause of action having already merged into a judgment. The judgment of the circuit court is therefore reversed, and the plaintiff's action is dismissed.

*Reversed.*