# CHARLESTON

## STALEY v. BIG SANDY, EAST LYNN & GUYAN RAILROAD COMPANY.

Submitted June 12, 1907.    Decided December 10, 1907.

1. INJUNCTION—*Dissolution—Res Judicata.*

    The granting of a motion to dissolve an injunction, before final hearing of the cause, is not conclusive of the party's right in the premises, and cannot be pleaded as *res judicata* upon his right to an injunction at the final hearing. (p. 125.)

2. SAME—*Denial—Reinstatement.*

    If an injunction is dissolved on coming in of an answer denying the equity of the bill, and testimony is afterwards taken and filed showing the right to such relief, the injunction may be reinstated. (p. 125.)

3.  JUDGMENT—*Dismissal—Bar.*

An order .dissolving an injunction, before final hearing, on filing of an answer denying the equity of the bill, is not conclusively final until the cause is ended, since the injunction may be reinstated pending the cause or at the hearing; and if the decree ending the cause is simply a dismissal without prejudice, such dissolution order is not a bar to an injunction in a new suit for the same purpose.   (p. 126.)

4.  SAME.

Dismissal of a suit without prejudice merely prevents operation of the decree as a bar to a new suit, leaving to the parties the same rights of prosecution and defense as if the new suit were the first instituted.   (p. 127.)

5.  SAME.

The dismissal must be upon the hearing, and not in terms directed to be without prejudice, to entitle a decree or order dismissing a former bill to be pleaded in bar to a new bill for the same matter. (p. 127.)

Appeal from Circuit Court, Wayne County.

Suit by S. C. Staley against the Big Sandy, East Lynn & Guyan Railroad Company.   From certain degrees reinstating the cause and permitting complainant to file a supplemental bill, awarding an injunction thereon, and refusing to dissolve such injunction on the filing of defendant's plea of *res judicata*, it appeals.

*Affirmed.        Remanded.*

HOLT and DUNCAN, for appellant.

WILLIAM FRY and CAMPBELL, HEFFLEY and DAVIS, for appellee.

ROBINSON, JUDGE:

An injunction having been awarded plaintiff, restraining the defendant, a public railroad corporation, from further building its roadbed or grading and constructing a way for same through his land, the defendant filed its answer, to which there was general replication, and moved for dissolution of the injunction.   The allegations of plaintiff's bill as to entry of the defendant on his land and construction of its railroad thereon were admitted by the answer, but it was denied that such entry and construction were without acquired right therefor; and it was averred that the defendant entered, and commenced its work thereon with the express consent of

plaintiff; that it had purchased from plaintiff the right of way and paid a valuable consideration therefor; that it had taken possession thereof pursuant to said purchase and payment, and constructed its roadbed thereon at great expense; that plaintiff well knew he had sold the same as aforesaid, and made no objection until long after defendant had taken possession and performed much work thereon; and that plaintiff had conceived the wrongful and fraudulent intention of depriving defendant of said right of way, notwithstanding he had fairly sold same and received the full contract price therefor. The answer sets forth details relative to the aforesaid alleged purchase, the taking of possession by defendant thereunder, and its failure to receive conveyance in pursuance thereof. It prays that the injunction be dissolved, the contract for purchase of said right of way be specifically enforced, and the plaintiff required by decree to make proper conveyance. Said motion being heard in the circuit court on October 6, 1903, upon bill, answer, general replication, and the other proceedings in the cause, it was decreed that said injunction be dissolved and the cause retained for further adjudication of the other matters involved therein.

Depositions were thereafter taken; and on February 23, 1905, the cause was again heard, upon the aforesaid papers and proceedings, and depositions taken and filed; whereupon the court was of opinion that the defendant was not entitled to the affirmative relief sought in its answer, and said answer and the bill were dismissed, "without prejudice to the right of either party to institute any other suit or proceeding at law or in equity, upon any of the matters set up in said bill or answer, in any court having jurisdiction thereof, should they or either of them be hereafter so advised."

Upon the motion of plaintiff at a subsequent term, on May 17, 1905, the court, reciting that it appeared there had not been three terms of said court since entry of said decree dismissing the cause, ordered the cause to be reinstated and placed upon the docket; and thereupon the plaintiff was permitted to file that which is called in the record a supplemental bill, and the cause was remanded to rules for process thereon. Upon this last named bill, on May 8, 1905, the court, in vacation, awarded an injunction in pursuance of its allegations and prayer, restraining the defendant from further en-

tering upon the lands mentioned in the original bill, and from operating and maintaining a railroad over the same, until further order of the court.

We find the said supplemental bill to make no reference to the original bill or cause, but to set forth plaintiff's ownership of the same land and to make substantially the same case; except it is alleged that the said railroad is completed through the land, that defendant is daily operating the same in running trains back and forth thereon, and is a constant trespasser, without authority for entry upon said land or the construction or maintenance and operation of said railroad.

The defendant, on May 29, 1905, in vacation, moved to dissolve the injunction order so awarded upon said supplemental bill, and tendered and filed its plea of *res judicata,* to which there was general replication.   By said plea it was averred, in substance, that the order of October 6, 1903, dissolving the former injunction, was a finality of the right to an injunction as prayed for by the supplemental bill; that the matters and things adjudicated upon the original bill are the same as those attempted to be reopened by this supplemental bill; that the parties and subject matter are the same, and reference is made to the record in the cause in verification thereof; that the decree of February 23, 1905, was final and a full adjudication of all matters arising upon the record of the cause, and is a bar to the prayer of said supplemental bill. Thereupon, as recited by the record, the cause was heard upon the plaintiff's bill, answer of defendant thereto, general replication to said answer, supplemental bill, said plea of defendant with general replication thereto, depositions taken and filed, the several orders and decrees theretofore entered, and the motion of the defendant to dissolve said injunction awarded May 8, 1905; upon consideration whereof, with consent of parties that the cause be heard upon the supplemental bill the same as if fully matured and set for hearing, the motion to dissolve was denied.   From the said decrees reinstating the cause on the docket and permitting the supplemental bill to be filled as aforesaid, awarding an injunction on said supplemental bill, and refusing to dissolve such injunction on filing of defendant's plea of *res judicata,* the defendant appeals.

The right of the plaintiff to prevent, by process of injunction or the interposition of a court of equity, such taking of his property as alleged, is so well settled as to demand no review here. As to this, it suffices to refer to the opinion in *Jackson* v. *Big Sandy, East Lynn & Guyan Railroad Co.*, decided at this term, wherein the defendant is the same as here.

Has the plaintiff's plain right to so interfere been determined against him by final adjudication, so as to bar him from the relief sought in the last prayer he makes? This is the meritorious question; and the gist of the whole matter presented by this record is determined by answer to it. It is insisted that the dissolution of the first order of injunction is *res judicata*, and bars plaintiff from further relief. In view of the peculiar determination of the original cause by the decree without prejudice, is such position tenable? We hold that it is not. Mere dissolution of the injunction, on coming in of defendant's answer and replication thereto, is not by any means a final determination of plaintiff's right to an injunction in the cause, notwithstanding this remedy was his sole object. The cause still pending, he was entitled to introduce further proof and have the injunction reinstated. Or, indeed, since the allegations of the answer that the defendant had a right to the land it was taking, by a purchase from plaintiff which it asked to be specifically performed, negatived the allegations of the bill on which the injunction rested and called for its dissolution at that time, yet when this sole defense disappeared by failure of proof, leaving the allegations of the bill in fact without defense, plaintiff was entitled to reinstatement of the injunction. Why it was not then promptly reinstated, instead of a dismissal of the right without prejudice to a new suit for the same purpose, we are wholly unable to discern. We cannot understand why the court by such dismissal compelled plaintiff to begin over again. At such dismissal he was, as the cause stood, clearly entitled to the relief prayed. There was in the answer no denial of the entry upon and damage to the land by construction of the railroad; this was admitted in plain terms. The defendant's only defense was that it had purchased of plaintiff the right of way, paid him in full for it, and was by such purchase and payment in possession. The court was of opin-

ion that in this contention defendant failed in proof. Thus the one thing presented in bar of plaintiff's prayer was out of the way, and the prayer should have been granted, instead of ordering plaintiff back to first base, whence he was given permission to start again for the same goal he had attained.

Such decree was erroneous; but plaintiff did not appeal, and chose to begin again. We infer lapse of time made him believe it advisable to form his allegations and prayer to meet the fact that the railroad was completed, and that the defendant's trespass then was the operation of trains thereon instead of construction work. The plaintiff now assigns cross-error as to this erroneous decree; but we need not consider or decide the question that presents itself as to his right to so assign herein, and at this time, in respect to the view we take of the whole matter. It is, to use a common phrase, "as broad as it is long." Were we to reverse that decree, we would consider the new bill as supplemental to the former one, presenting completion and operation of the railroad in violation of plaintiff's rights. We must not do a useless act. Reversal of that decree and reinstatement of the injunction to which plaintiff was entitled would do him no favor; the purposes and availability of that injunction are at an end by change of time. A somewhat new case, so made necessary, is presented by the new bill. It serves plaintiff the same purpose to consider it as an entirely new one, as it would to reverse that decree, reinstate the injunction, and permit the new bill to come in as supplemental for the purpose of seeking an enlargement of the injunction. The first injunction, were we to reverse the decree and reinstate it, would not now apply; it was a restraint simply against building the roadbed and grading and constructing the way. We would therefore be compelled to look to the new bill for the right to relief, and to consider it as an original bill, which by its terms and substance it is. We may also, in respect to this view, pass the question presented as to the evidently erroneous procedure of reinstatement of the original cause on the docket.

Certain it is, the decree dismissing the plaintiff's rights, as made by his bill, decided nothing, except that he could begin again, as he did. Having filed in fact a new and original bill, it may rightly be treated as an entirely new suit, upon

the same subject matter, presenting the changed state of facts as caused by time, and praying to fit the present emergency, and the old suit discarded.

But let us proceed further in answer to the contention that the decree dissolving the first injunction was a final adjudication of the right to enjoin. We say it would have been such if the final decree in that cause, entered on the merits, had been made so as to be final, as is usual in disposing of a cause on its merits. But that decree left the question expressly open for further adjudication. It, in its terms, barred nothing that had been in litigation in the suit. As we have said, dissolution of the injunction by the decree of October 6, 1903, being simply on the weight of the defendant's answer, was not final as to plaintiff's right thereto. For finality to be effective, there must have been a hearing of the cause upon the merits and a final decree thereon. High on Inj., §1501, states this clearly: "The granting of a motion to dissolve is not conclusive upon the right to an injunction, and can not, therefore, be pleaded as *res judicata* upon the right to an injunction at the final hearing. The effect of sustaining such motion is only to determine that, upon the showing then made, plaintiffs were not entitled to an interlocutory injunction, and the order is in no sense a bar to a perpetual injunction upon full proof at the final hearing.. If, however, the injunction is made perpetual at the hearing, by the final judgment in the cause, that judgment becomes *res judicata*, and the court cannot afterward sustain a motion to dissolve." Surely the converse of the last proposition is true; and it would be most applicable here, were it not for the fact that the decree was not final, in that it left all matters open for litigation again. At section 1586, the same author says: "Refusal to grant an injunction upon an interlocutory application constitutes no bar to a subsequent renewal of the application, which can only be barred by a decree upon a full and final hearing."

These principles we find quite uniformly recognized. Bart. Ch. Pr., §140, says: "Although an injunction has been dissolved, and even though the order of dissolution has been affirmed by an appellate court, yet the plaintiff may introduce further evidence, and on that move to reinstate the injunction. Such a motion is in the nature of an original application for

an injunction, and if it be denied the complainant may apply to the court of appeals, or any one of its judges, who may direct the reinstatement;" and "a court of chancery is indeed always open for the purpose of reinstating an injunction, either upon new evidence, or for any other reason, and the jurisdiction either to renew or revive an injunction is fully exercised." The Virginia cases there cited support this, and are authority binding on us. See, also, Hogg's Eq. Pro. §716. In *Tucker* v. *Carpenter*, Hempst. 440, Fed. Cas. 14217, it is held, upon reason and authorities there given, as follows: "Where an injunction has been dissolved on the coming in of the answer denying the equity of the bill, and testimony has afterwards been taken and published tending to show the right of the complainant to relief, the injunction on application may be reinstated." In Daniel's Chy. Pr., 6th Am. Ed., 1681, it is stated: "In order to entitle a plaintiff to an injunction, at the hearing, it is not absolutely necessary that he should previously have made an interlocutory application for one, and he is at liberty then to claim an injunction, although he may have previously failed to obtain one, or to support it when obtained." In accord with all the authorities quoted above is the trend of the courts. The cases are multitudinous. A few of the many we have examined are *Massam* v. *Thorley's C. F. Co.*, 14 Chy. Div. 748; *Banks* v. *Am. Tract. Soc.*, 4 Sandf. Chy. 467; *Johns* v. *Schmidt*, 32 Kan. 383; *Fisher* v. *Beard*, 40 Ia. 625; *Glass* v. *Clark*, 41 Ga. 544.

It is argued that the dissolution order was final because the court ordered that the cause "be retained for further adjudication of the other matters involved herein." Counsel say that the only other matter involved was the affirmative relief, specific performance of the alleged purchase, asked by defendant's answer. But the right of the plaintiff to reinstatement of the injunction, pending the cause, or at the hearing, was also plainly one of the other matters involved.

We observe, therefore, that, since there can be reinstatement of an injunction dissolved on bill and answer, at any time during further progress of the cause, or at the hearing on the merits, there is no finality in the dissolution order of October 6, 1903. It is finality of the suit that bars, not mere dissolution of the injunction, retaining the cause for further

hearing. All this is consistent with the decisions of this Court. In *Fluharty* v. *Mills*, 49 W. Va., 446, it is held: · "A decree dissolving an injunction upon the merits, where no relief but injunction is sought, is final and *res judicata*." Note here the words "upon the merits." Observe them also in *Gallaher* v. *Moundsville*, 34 W. Va. 730: "An order dissolving an injunction, based on the merits of the case, where the only relief sought by the bill is such injunction, is, as regards finality, such a decision as will sustain the defense of *res judicata*." The same distinction applies in *Burner* v. *Hevener*, 34 W. Va. 774, where the same words, "upon the merits," are used. Each of these cases involved a decree on the merits, which was pleaded in bar—a decree ending and foreclosing the matter litigated. But in the case now before us, the decree ending it was expressly excepted, by its very terms, from effect of finality. It did not foreclose anything.

Dismissal without prejudice, such as we find here, merely prevents operation of the decree as a bar to a new suit, leaving to the parties the same rights of prosecution and defense as if the new suit were the first instituted. 16 Cyc. 469; Black on Judg., section 721. In the section last cited, we find: "Nor does it alter the case that the court erred, by dismissing the bill without prejudice, when it ought to have been dismissed finally upon the merits." So we say it does not alter the case that the court below erred in this cause, by dismissing the bill without prejudice, when it ought to have decreed in favor of plaintiff. It must be corrected on appeal, and, until that is done, it must stand as rendered and can not be impeached collaterally. Black on Judg., *supra*; *Wanzer* v. *Self*, 30 Oh. St. 378. Such decree was no bar to the prayer of plaintiff's new bill, and, dissolution of the former injunction not being foreclosed thereby, was likewise no bar to a new injunction in relation to the same subject matter. Directly in point is Story Eq. Pl., section 793: "A decree or order dismissing a former bill for the same matter may be pleaded in bar to a new bill, if the dismission was upon the hearing, and was not in terms directed to be without prejudice."

These observations lead us to the conclusion that the plea did not set up a bar to the right of the plaintiff for the injunction prayed in, and awarded upon, his new bill. The

circuit court did not err in refusing to dissolve the last named injunction. Its decrees taking cognizance of such new bill, awarding the injunction thereon, and refusing dissolution thereof upon defendant's plea of *res judicata*, are therefore affirmed; and this cause is remanded to the circuit court to be further proceeded in, if moved by either party, according to the principles herein and the rules governing courts of equity.

*Affirmed.    Remanded.*