# CHARLESTON.

Brown v. Cook *et al.*

Submitted November 30, 1915.    Decided December 14, 1915.

1. Process—*Amendment—Right.*

When an action of assumpsit has been remanded to rules with leave to file an amended declaration, and summons issues requiring the defendant to appear and answer a declaration, and an amended declaration is filed, the court may permit the plaintiff to amend the writ at the bar of the court by inserting ''amended declaration'' in place of the word ''declaration'', without new process. (p. 358).

2. Bills and Notes—*Non-Negotiable Note—Indorsement in Blank—Liability of Indorser—Pleading.*

Where a person signs his name, in blank, on the back of a non-negotiable note before delivery, he may be held as maker or guarantor, at the election of the holder, in the absence of a special agreement. And when the payee seeks to charge such endorser of a non-negotiable note, endorsed before delivery, he must allege that the defendant endorsed the same with intent to become liable as guarantor or maker, according to the fact. (p. 359).

3. Same—*Pleading—Joint Maker.*

In a declaration by a payee on a non-negotiable note, the note is set out in *haec verba*, and it is alleged that the note was signed on the back thereof by L. B. C., ''whereby the said W. G. C. (the maker) and L. B. C. jointly and as co-obligors agreed to pay'', ''and being so liable the said W. G. C. and L. B. C., in consideration thereof, on the said 8th day of August, 1907, (the date of said note), undertook and promised the said plaintiff that they would pay him the said sum of six hundred dollars'' (the sum named in the note). This is a sufficient allegation to charge L. B. C. as joint maker of such note. (p. 359).

4. Pleading—*Right to Amend—Cause of Action.*

Allegations in a declaration may be changed and others added, provided the identity of the cause of action be preserved; but amendments are not allowable which are inconsistent with the nature of the pleadings, or change the cause of action. (p. 359).

5. JUDGMENT—*Res Judicata—Plea—Trial.*
   A plea of former judgment on the same cause of action in bar of plaintiff's suit, should be tried by the court by an examination and inspection of the record. (p. 361).

6. SAME—*Effect as Evidence—Res Judicata.*
   A judgment between the same parties upon the same point, which, if pleaded, would have been a perfect bar, is, when used as evidence under the general issue, not conclusive on the jury, but only evidence to be weighed by them. (p. 361).

7. SAME—*Res Judicata—Plea—Defense.*
   A defendant has the right to elect whether he will present his defense of former adjudication to plaintiff's suit, by way of a special plea of *res judicata,* or rely upon the defense as evidence on the trial under a plea of the general issue. (p. 361).

8. APPEAL AND ERROR—*Presentation for Review—Plea.*
   Where a plea is tendered, and objection thereto is sustained, and an exception is taken, and the record shows the ruling and exception and identifies the plea, such plea is a part of the record. (p. 360).

Error to Circuit Court, Wyoming County.

Action by D. M. Brown against W. G. Cook and another. Judgment for plaintiff, and L. B. Cook, defendant, brings error.

*Reversed and remanded for new trial.*

*James H. Gilmore, M. T. Bowman* and *Donald O. Blagg,* for plaintiff in error.

*Toler & Bailey* and *Howard & Worrell,* for defendant in error.

MASON, JUDGE:

D. M. Brown instituted an action of assumpsit against W. G. Cook and L. B. Cook, in the circuit court of Wyoming County. In addition to the common counts, one special count was added. The special count was on a promissory note for six hundred dollars, executed by W. G. Cook to the plaintiff. The name of L. B. Cook was written on the back of the note.

The original declaration alleges, "the said defendant, W. G. Cook, made and signed his certain note in writing commonly called a promissory note  *  *  *  which promissory

note was endorsed by the said L. B. Cook, and by the said W. G. Cook and L. B. Cook delivered to this plaintiff.'' The defendant L. B. Cook demurred to this declaration, and leave was given the plaintiff to file an amended declaration at rules or at the bar of the court. The next rule day the plaintiff filed another declaration, with common and special counts. In the special count, the note referred to in the first declaration is set out in *haec verba* with the following allegation, ''which said note was signed on the back thereof by said L. B. Cook'', etc. ''whereby the said W. G. Cook and L. B. Cook jointly and as co-obligors agreed to pay the said plaintiff the further sum of $600'', etc. At the next term of court defendant L. B. Cook appeared and demurred to this amended declaration, for the reason that no process was issued thereon. The demurrer was sustained, and the case was remanded to rules for process. At the next rules, November 1913, process seems to have been returned; and at the April term, 1914, plaintiff moved to amend process by inserting the words ''on amended declaration'' after the word ''assumpsit'' and before the words ''damages, $1000.00,'' which motion was sustained, and process accordingly amended, to which defendant L. B. Cook excepted. The defendant W. G. Cook did not appear or contest the plaintiff's demand.

Thereupon defendant L. B. Cook pleaded non-assumpsit, and tendered two special pleas; the first alleging failure of ''consideration for the endorsement and execution of said note by this defendant''; the second a plea of *res judicata.* The plaintiff objected to the filing of these special pleas. The court permitted the filing of the first special plea, and refused the second. Defendant excepted to the ruling of the court in rejecting the second plea. Issue was joined on the plea of non-assumpsit, and the special plea No. 1. The case was submitted to a jury, and a verdict for the plaintiff for $704.58 was returned. L. B. Cook moved to set aside the verdict and grant him a new trial, also to arrest the judgment. These motions were overruled, and judgment was entered against said W. G. Cook and L. B. Cook, to which defendant L. B. Cook excepted.

The evidence is not certified, and this court can consider only such matters as appear upon the face of the record.

The court did not err in permitting the plaintiff to amend the process. The parties all being before the court, there was no necessity for sending the case back to rules for new process.

The original declaration alleged that the note was "endorsed" by defendant L. B. Cook; that is, that he was liable as an endorser; while the amended declaration alleged that his liability was as "co-obligor". The appellant insists that by this amendment the plaintiff "introduced a different cause of action from that originally sued on". "Amendments are not to be allowed which are inconsistent with the nature of the pleadings or change the cause of action. Allegations may be changed and others added, provided the identity of the cause of action is preserved." *Kuhn* v. *Brownfield*, 34 W. Va. 252; *Clarke* v. *Railroad Co.*, 39 W. Va. 732. The amendment in this case is not of such nature as to change the cause of action.

Defendant claims that the declaration is defective in not showing the intent of L. B. Cook in writing his name on the back of the note. It is conceded that he might be held either as maker or guarantor according to the fact, but it is insisted that the declaration must show in what capacity the defendant is liable—whether as maker or guarantor. No doubt this view is correct as to liability on a non-negotiable note. "Where a person puts his name in blank, on the back of a promissory note, he may be held liable as maker or guarantor, when there is an agreement to that effect, and when he cannot be charged as an indorser, as in the case of a non-negotiable note. But, where the payee seeks to charge the indorser of a non-negotiable note, who indorsed the same before delivery, with the payment thereof, he must allege that the defendant indorsed with the intent to become liable as guarantor or maker. This is allowed in order to prevent an entire failure of the contract, on the principle *ut res magis valeat quam pereat.*" Edwards on Bills and Notes, section 391. Quoted in *Young* v. *Sehon*, 53 W. Va. 127. We think this rule has been complied with in the case at bar. The declaration avers that the note was signed on the back thereof by L. B. Cook, "whereby the said W. G. Cook and L. B. Cook, jointly and as co-obligors agreed to pay," etc. "And being

so liable the said W. G. Cook and L. B. Cook, in consideration thereof, on the 8th day of August, 1907 (the date of the said note) undertook and promised the said plaintiff that they would pay him the said sum of six hundred dollars'', etc. Clearly this is an averment charging L. B. Cook as an obligor.

The defendant L. B. Cook tendered and asked leave to file a special plea of *res judicata*. Counsel for defendant in error objects to the consideration of this plea for the reason that the same was not made part of the record. It is true that the order of the court simply shows that it was tendered. There was no order filing it, or formally making it a part of the record by bill of exceptions or order of the court. Pleas tendered by a defendant in an action at law and rejected by the court are not parts of the record unless made so by bill of exceptions or some appropriate order of the court. This court said in the case of *Sweeney* v. *Baker*, 13 W. Va. 158: ''If a rejected plea is by order of the court made a part of the record, and the order book shows that its rejection was excepted to, the Supreme Court of Appeals will review the action of the court in rejecting such plea, though no formal bill of exceptions was taken to the rejection of such plea.'' Judge Green, in delivering the opinion of the court in *Sweeney* v. *Baker*, said: ''When the court makes the order, that the pleas are rejected, and the rejection of them is excepted to by the defendants, such entry could be made by the court, only to give to the defendants the power, to have reviewed the decision of the court in rejecting the pleas. Of course this purpose of the court would be idle, unless the plea was thereby intended to be made a part of the record. For of course no exceptions could be taken, to what constituted no part of the record. And, it does seem to me, we would be too technical, if an entry, which the court, who made it, considered and must have considered as the equivalent of an order directing the rejection of the plea to be made a part of the record, should be disregarded, simply because it did not say in express words, the rejected plea is ordered to be made a part of the record.'' This question is fully discussed in *Bank* v. *Houston*, 66 W. Va. 336; and this court decided in that case: ''Though an exception of a defendant to a ruling on a special plea tendered be not contained in an order

entered in the court below, yet if it be shown in the certificate of evidence, or in any other part of the record, the defendant may avail himself here of any error in rejecting such plea.'' In the case at bar the defendant asked leave to file the special plea and had it marked for identification ''Special Plea No. 2'', and the order of the court shows the objection by the plaintiff to the filing of the same, the rejection of the plea tendered, and that the defendant at the time excepted to the ruling of the court refusing the filing of the plea. This is equivalent to a formal order making the rejection of the plea a part of the record. The ruling of the court below is subject to review by the appellate court.

The refusal of the court to permit the defendant to file the plea of *res judicata* is error for which the case will have to be reversed. True, the defendant had pleaded non-assumpsit, and under this plea might have shown a former judgment, but there is a very clear distinction between the two methods of presenting the defense. The advantage of a special plea of *res judicata* is, that it is a perfect bar to plaintiff's case, where the judgment pleaded is between the same parties and upon the same point, but when used as evidence under the general issue, it would not be conclusive. It would only be evidence to be weighed by the jury; ''the doctrine being, that though the party is estopped if the matter be pleaded, yet the Jury, upon the general issue, are not estopped, but must find their verdict upon the whole evidence in the case, and may find against the former judgment.'' *Cleaton* v. *Chambliss,* 6 Rand. 95. The plea of *res judicata* must be tried by the court upon an examination and inspection of the record. *Davis* v. *Trump,* 43 W. Va. 191. The defendant had the right to elect whether he would make defense under the special plea or submit the case on the general issue.

For reasons stated above, we reverse the judgment, set aside the verdict, overrule the objection to special plea No. 2, and remand the case.

*Reversed and remanded for new trial.*