# CHARLESTON.

F. F. MORGAN *v.* C. W. EDGAR *et al.*

(No. C. C. 422)

Submitted September 4, 1929. Decided September 10, 1929.

*E. H. Yost,* for plaintiff.
*Larrick & Lemon,* for defendant Edgar.

LIVELY, JUDGE:

By this action of notice of motion for judgment, the plaintiff, F. F. Morgan, seeks a recovery against T. L. Morgan and C. W. Edgar, as joint makers of a $1,250.00 note, dated March 12, 1922, payable four months after date to James Bishop or order. Which note, on May 7, 1923, for value received, was assigned without recourse, by James Bishop to the plaintiff, F. F. Morgan. The defendant Edgar interposed a plea of *res adjudicata* to the motion for judgment. The plaintiff demurred to this plea, but the trial court overruled the demurrer and certified its ruling thereon for review.

The additional facts as set forth in the plea of *res adjudicata* are as follows: On August 15, 1923, the plaintiff, F. F. Morgan, took from his son, T. L. Morgan, a new note for $10,875.20 which included the $1,250.00 debt. This last mentioned note was secured by a deed of trust executed by T. L. Morgan. At December Rules, 1923, the Baird Dry Goods Company, as a creditor of T. L. Morgan, instituted a chancery proceeding in the circuit court of Wetzel county against T. L. Morgan, F. F. Morgan and others, for the purpose of setting aside as an unlawful preference the above mentioned deed of trust, fixing the indebtedness of T. L. Morgan, marshalling his assets, and making sale of his properties to satisfy

his indebtedness. Plaintiff, F. F. Morgan, filed his answer in this suit setting up a total indebtedness of $5,936.30 as due him from T. L. Morgan, which included the following item: "May 7, 1923, p'd note of T. L. Morgan and C. W. Edgar (Bishop note) for $1,250.00." At March Rules, 1924, plaintiff, F. F. Morgan, as administrator of the estate of his deceased son, D. F. Morgan, instituted a chancery suit against Nellie Morgan Lowe and others to settle the D. F. Morgan estate and the partnership affairs of D. F. Morgan and T. L. Morgan. The two chancery suits were consolidated. C. W. Edgar was not made a party to either of these actions. After the consolidation, plaintiff, F. F. Morgan, filed a petition asking that he be made a party plaintiff in the suit of Baird Dry Goods Company against T. L. Morgan and others, and asking for judgment on the same claims itemized in his answer. By decree rendered November 12, 1925, F. F. Morgan recovered a judgment against T. L. Morgan in the sum of $6,423.00, which included the $1,250.00 debt.

Did the trial court err in overruling the demurrer to defendant's plea?

In the absence of statute, the common law rule is that a judgment on a joint obligation against part of the obligors, is a bar to an action against the other obligors, since the original liability is merged in the judgment. Note 1 A. L. R., page 1601; Vol. 2, Freeman on Judgments, 5th Ed., sec. 567, page 1198. "The joint liability of the parties not sued with those against whom the judgment is recovered, being extinguished, their entire liability is gone. They cannot be sued separately, for they have incurred no several obligation; they cannot be sued jointly with the others, because judgment has already been recovered against the latter, who would otherwise be subjected to two suits for the same cause." *Mason* v. *Eldred et al.,* 6 Wallace (U. S.) 231, 238.

This common law rule is the law of this state, except to the extent which it has been changed by chapter 125, section 52, Code, which reads as follows: "Where, in an action or suit against two or more defendants, the process is served upon part of them, the plaintiff may proceed to judgment as to any

so served, and either discontinue it as to the others, or from time to time, as the process is served as to such others, proceed to judgment as to them until judgments be obtained against them all." In construing this statute in *Armentrout* v. *Smith*, 52 W. Va. 96, this Court said: "Section 52, Chapter 125 of the Code so far changes the common law as to permit a plaintiff to take several judgments against several joint obligors, if they are served with process in the same suit. It does not authorize more than one suit against all or any of the obligors, whether served with process in the first suit or not. As to the bringing of more than one suit, on the same joint cause of action, the common law rule remains unchanged." See, also, *Armentrout* v. *Smith*, 56 W. Va. 356.

Counsel for the plaintiff recognizes our adoption of this well settled principle of law, but relies upon an exception thereto, arising out of the impossibility of a joint action against the co-obligors in the chancery causes. Granting that the plaintiff's theory as to possible misjoinder in those proceedings is correct, yet, in the instant case, this contention is untenable. Although in some jurisdictions certain exceptions to the above stated rule have been recognized, such as the impossibility of bringing a joint action by reason of the non-residence or death of one of the joint obligors, in each of these cases the exception arises because a joint suit could not be maintained. In the instant case, a joint action was possible. The plaintiff could have sued both of the co-obligors in an action at law. But instead of proceeding in a joint suit against them at law, as he had the right to do for more than two years after his alleged purchase of the note, he has elected to proceed in chancery against one of the obligors alone. Therefore, his case does not fall within any of the above stated exceptions to the well settled common law rule. It will be observed that by petition in the chancery cause, he asked for judgment against his son, T. L. Morgan, for a sum which included this joint obligation.

Considerable stress is placed upon the proposition that because of the alleged impossibility of the joinder of defendant Edgar in the chancery cause, the plaintiff cannot be said to

have evinced an intention of electing to release him from the joint obligation. Whatever the plaintiff's intention in that regard may have been, once his election was made, it became unimportant. The extinguishment of the joint liability by the merger of the contract in the judgment, occurred by operation of law, and was not dependent upon the intent with which the judgment creditor had secured his judgment.

We are of opinion that the trial judge ruled correctly in overruling the plaintiff's demurrer to the defendant Edgar's plea of *res adjudicata,* and we so answer the question certified.

The ruling will be affirmed.

*Affirmed.*