CHARLESTON NATIONAL BANK, *Admr., v.* B. S. HULME

(No. 8399)

Submitted September 30, 1936. Decided October 27, 1936.

*Herbert L. Carney, Thomas N. Read,* and *T. I. Read,* for plaintiff in error.

*P. J. Carr, Wm. H. Sawyers,* and *W. A. Brown,* for defendant in error.

KENNA, JUDGE:

Charleston National Bank as administrator d.b.n. of the estate of William Plumley, Jr., deceased, brought this

action in assumpsit in the Circuit Court of Summers County against B. S. Hulme, seeking recovery upon a negotiable promissory note dated the 13th day of February, 1924, in the sum of $1875.00, due in twelve months and payable to the order of R. F. Dunlap and Seldon Plumley, trustees, executed by O. L. Stanard, and indorsed by B. S. Hulme. R. F. Dunlap and Seldon Plumley, both now deceased, had been named as executors and trustees in the will of William Plumley, Jr., and upon the death of the survivor of them, the Charleston National Bank had qualified as administrator d.b.n., of the estate of William Plumley, Jr. The defendant Hulme filed a plea of *res adjudicata,* a plea of payment and the general issue. There was a verdict and judgment for the defendant, and the plaintiff prosecutes this writ of error, seeking reversal, first, because of alleged error in the trial court permitting the issue of the defendant's plea of *res adjudicata* to go to the jury; and second, for not striking out the defendant's proof of payment because (a) it rested upon the testimony of O. L. Stanard, claimed by the plaintiff to have been disqualified under the statute to testify as to personal transactions between him and the two deceased executors and trustees; and (b) because of its insufficiency.

An order entered on July 19, 1935, shows that the plaintiff orally demurred to and moved to strike out the defendant's plea of *res adjudicata.* This is not the proper mode of testing the sufficiency of a pleading, since under Code, 56-4-36, objections to the filing of a pleading for insufficiency are abolished and it is provided that all demurrers in civil cases shall be in writing, specifically stating the grounds of demurrer relied on. Therefore, the questions which arise under this plea must be determined upon the proof tendered to sustain it raised by the motion to strike the defendant's evidence. The evidence shows a former action brought upon the note sued on in this action by R. F. Dunlap, surviving executor and trustee, against O. L. Stanard and B. S. Hulme. In that former action, there was a judgment against Stanard and a counter-affidavit filed by Hulme. After

the death of Dunlap, surviving trustee and executor, an order was entered in this former action reciting that fact and the qualification of the Charleston National Bank as administrator d.b.n. of the estate of William Plumley, Jr., and reviving the action in the name of the Charleston National Bank as such administrator. The order then recites the motion of the Charleston National Bank to dismiss the action as to B. S. Hulme, without prejudice. The order shows no objection. The order then proceeds to sustain the motion, distinctly stating that the suit is dismissed without prejudice to the right of the Charleston National Bank as administrator d.b.n. of the estate of William Plumley, Jr., to further proceed upon the matters and demands set up in that action between the plaintiff and B. S. Hulme, and that none of such matters are adjudicated. This is plainly a dismissal without prejudice, and as such does not operate as *res adjudicata* as to the person so dismissed. *Staley* v. *Big Sandy, etc., Railroad Co.*, 63 W. Va. 119, 59 S. E. 946.

The plea of *res adjudicata* presents a question of law for decision by the court, and is not an appropriate question to be submitted to the jury. *Davis* v. *Trump*, 43 W. Va. 191, 27 S. E. 397, 64 Am. St. Rep. 849; *Brown* v. *Cook*, 77 W. Va. 356, 87 S. E. 454, L. R. A. 1916D, 220. Here, an issue to the jury was made up on the plea, and this was plainly erroneous. The evidence introduced to sustain the plea was insufficient as a matter of law, and therefore, upon the plaintiff's objecting to its introduction, it should have been excluded. The effect of this error will be discussed later in this opinion.

Upon the plea of payment, the defendant relied principally upon the testimony of O. L. Stanard, maker of the note sued upon, against whom a judgment had formerly been rendered, but who was not a party defendant to this action. It is contended by the plaintiff in error, (1) that Stanard was incompetent to testify by virtue of his interest in the outcome of the suit because, it is contended, he falls within an exception contained in Code, 57-3-1, which abolishes, subject to the exceptions therein named, the common law disqualification of a witness on

account of interest; (2) that the testimony of Stanard is insufficient to sustain the defendant's plea of payment, the only substantial defense tendered at the trial.

Code, 57-3-1, creates no new incompetence in witnesses. It simply abolishes the incompetence existing at common law on account of interest in the event of the suit or action, the exceptions contained in the statute leaving the matter of incompetence where it was at common law in the cases excepted. *Crothers Admrs.* v. *Crothers,* 40 W. Va. 169, 174, 20 S. E. 927, 928. The first inquiry, then, is: would the witness Stanard be disqualified at common law? If he would be competent at common law, then the statute does not render him incompetent. The interest which disqualifies a witness at common law is not a general interest in the subject matter, nor even an indirect material interest in the outcome of the suit or action. Our West Virginia cases have quoted with approval the following definition of this common law interest given by Judge Roane in *Baring* v. *Reeder,* 1 Hen. & Mun. (11 Va.) 154: "The rule now seems to be, that the witness is competent, if the proceedings in the cause cannot be used as evidence for him, although he may entertain wishes on the subject and even have occasion to contest the same question, in his own case, in a future action." *Black* v. *Campbell,* 6 W. Va. 51, 64; *Gilmer's Admr.* v. *Baker's Admr.,* 24 W. Va. 72, 83; *Crothers' Admrs.* v. *Crothers,* 40 W. Va. 169, 176, 20 S. E. 927, 929. In the case at bar, Stanard is not sued, but his indorser is. Their contracts are different and, although they may, under Code, 55-8-7, be sued together, their obligation is not joint so that a judgment in favor of one could be pleaded in bar of a judgment against the other. See *Armentrout* v. *Smith,* 56 W. Va. 356, 49 S. E. 377; *Morgan* v. *Edgar,* 107 W. Va. 536, 149 S. E. 606. Such interest as Stanard might have in defeating a recovery against the indorser of the note upon which he was the maker, is not the type of interest that disqualifies him at common law as a witness. This court has so held in a case involving closely similar facts. In *Sayre* v. *Woodyard,* 66 W. Va. 288, 294, 66 S. E. 320, 323, 28 L. R. A. (N. S.) 388, 392,

it is said: "Tested by this rule, the maker of a note, after assignment thereof and death of the assignor or payee, is a competent witness in an action by the assignee against the administrator of the assignor to prove, not only the assignment, but payment by him to the assignor." A somewhat similar holding resulted in the case of *Hooper* v. *Hooper,* 32 W. Va. 526, 9 S. E. 937, and is set out in points six and seven of the syllabus. Furthermore, it was held in *Sayre* v. *Whetherholt,* 88 W. Va. 542, 546, 107 S. E. 293, 294, that transactions between a witness and a person acting in a representative capacity, since deceased, cannot be excluded as within the exception of the statute which restores the competency of interested witnesses at common law, because they do not fall within the terms of the exception. For the reasons stated, we are of the opinion that under well settled West Virginia rules, O. L. Stanard was a competent witness. The next question, therefore, is as to the weight and sufficiency of the testimony that he gave on the matter of payment.

Stanard testified positively and unequivocally that he had paid the note in question on June 7, 1925, by his personal check to the order of the William Plumley estate, mailed to Seldon Plumley at Hinton. The check was for $2,000.00, some twenty or thirty dollars more than the amount due on the note. The check itself was not produced, the witness testifying as to its loss. The stub book containing the stub was introduced in evidence, as was a transcript of the debits and credits upon the witness' bank account at the Huntington Banking & Trust Company from April 7th, to September 24th. The testimony of Mr. Stanard's secretary, who was accustomed to making out his checks for him was taken. This witness testified that she had drawn the check in question, and that it had, to the best of her recollection, been handled in the usual course of checks going out through the mail. Stanard was afterwards sued on the note and permitted a default judgment to go against him in the Circuit Court of Summers County. He explains this in his testimony by saying that he was ill at

the time and had made every effort that he could to procure counsel to make his defense. We do not think that it is necessary to recount this testimony in greater detail. It certainly does not establish payment beyond peradventure. It discloses circumstances inconsistent with the theory of payment. At the same time, there are circumstances corroborative of the theory of payment, coupled with the direct and explicit testimony of Stanard, that the note had been paid. Certainly, it would have been error to strike out this proof and to refuse to permit the defense of payment to go to the jury. Being of this opinion, it follows as a matter of course, that we regard the evidence of payment as sufficient to sustain a verdict for the defendant.

There were two issues submitted to the jury under the proof taken in the case. There was the issue upon the plea of *res adjudicata* and the issue upon the matter of payment. The verdict was a general verdict, and a valid finding for the defendant upon either of the issues submitted to the jury would be sufficient to sustain it. If the jury found for the defendant on the question of payment, which was properly submitted to the jury, all well and good. But supposing the jury was of opinion that no payment had been proved? In that case, a finding for the defendant upon the plea of *res adjudicata* is the only means of sustaining the general verdict. We have said that the issue upon this plea was wrongfully submitted to the jury, because the finding on the plea is one of law for the court, and for the further reason that the plea itself was insufficient since the former judgment was a dismissal expressly made "without prejudice" which did not amount to *res adjudicata*. Therefore, under the state of the record before us, we are unable to say whether the jury found in favor of the defendant on the plea of payment and in favor of the plaintiff on the plea of *res adjudicata*, or whether it found in favor of the plaintiff on the plea of payment and in favor of the defendant on the plea of *res adjudicata*. If the former, the verdict and judgment below should not be disturbed. If the latter, there is reversible error in the judgment.

Nothing in the record points out which it was, and since we are unable to say that the interests of the plaintiff were not prejudiced by the submission of the issue upon the plea of *res adjudicata*, the presumption is that they were. Under the circumstances, it is not possible for us to say that the jury found for the defendant on both pleas. Therefore, the judgment of the Circuit Court of Summers County will be reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*