# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Melvin Crouse and Gladys Crouse,**
**Plaintiffs Below, Petitioners**

**vs)  No. 15-1186** (Morgan County 12-C-134)

**John Hobday Jr. and Hobday Custom Homes, LLC,**
**Defendants Below, Respondents**

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Melvin Crouse and Gladys Crouse, by counsel Eric S. Black, appeal the Circuit Court of Morgan County's November 9, 2015, order granting respondents' motion for summary judgment. Respondents John Hodbay Jr. and Hobday Custom Homes, LLC, by counsel Charles S. Trump IV, filed a response in support of the circuit court's order. On appeal, petitioners allege that the circuit court erred in granting respondents' motion for summary judgment based on res judicata because no bench trial took place in magistrate court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, petitioners filed a pro se civil complaint in the Magistrate Court of Morgan County against respondents and sought recovery for an alleged breach of contract based on a home improvement/renovation project. The matter proceeded to trial in magistrate court in July of 2012, after which the magistrate court ruled in respondents' favor. Petitioners did not appeal this ruling.

In November of 2012, petitioners filed a complaint in circuit court based upon the same facts and cause of action. In December of 2013, the circuit court granted respondents' motion for summary judgment and dismissed the case. The circuit court based its decision on a finding that petitioners' claims against respondents were barred by the doctrine of res judicata because of the previous action in magistrate court.

In January of 2014, petitioners appealed the order granting respondents summary judgment to this Court. By order entered on January 8, 2015, this Court remanded the matter with instructions for the circuit court to hold "an evidentiary hearing on whether a bench trial was actually conducted by the magistrate court." Upon remand, the circuit court held an evidentiary hearing in August of 2015. In advance of the hearing, the parties took the deposition

1

of Magistrate Gregory Miller and submitted a transcript of his testimony to the circuit court. At the hearing, the parties elected to stand on previously submitted affidavits and the magistrate's sworn testimony. The parties further agreed that the circuit court would consider anew respondents' motion for summary judgment in light of the additional evidence obtained following the remand. By order entered in November of 2015, the circuit court granted respondents' motion for summary judgment upon a finding that res judicata barred the action. It is from this order that petitioners appeal.

We have previously established the following standard of review: "'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 2, *United Bank, Inc. v. Blosser*, 218 W.Va. 378, 624 S.E.2d 815 (2005). On appeal to this Court, as in the circuit court, petitioners argue that an entry of summary judgment in respondents' favor is inappropriate on the ground of res judicata because they did not obtain a final adjudication on the merits in magistrate court. We do not agree.

In addressing res judicata, we have established the following:

> "Before the prosecution of a lawsuit may be barred on the basis of res judicata, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syl. Pt. 4, *Blake v. Charleston Area Medical Center, Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997)

Syl. Pt. 3, *W.Va. Human Rights Comm'n v. Esquire Group, Inc.*, 217 W.Va. 454, 618 S.E.2d 463 (2005). In this case, the parties do not dispute two of the elements from the *Blake* test. As noted in the circuit court's order, petitioners "have never advanced any argument regarding the second and third elements of the test." As the circuit court correctly found, petitioners' "magistrate court action and . . . civil action have identical parties . . ." in addition to the fact that the two actions "assert identical claims against" respondents. Accordingly, the circuit court correctly found that the question of whether res judicata bars petitioners' circuit court action "depends solely" on "whether there was 'a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings.'"

In addressing this factor, it is also important to note that, according to the circuit court, petitioners "have not argued that the Magistrate Court of Morgan County lacked jurisdiction for the case" they filed against respondents. Accordingly, the circuit court found that petitioners' magistrate court case "was within that court's jurisdiction." As such, the only issue on appeal is whether petitioners' magistrate court case constituted a final adjudication on the merits. As noted above, this Court previously remanded an earlier appeal for the holding of an evidentiary hearing to determine whether the magistrate court conducted a bench trial on petitioners' claims. Upon our review of the record on appeal, we agree with the circuit court that the magistrate court

2

conducted a bench trial on petitioners' claims and, thus, reached a final adjudication on the merits thereof.

Petitioners argue that they have established a genuine issue of material fact regarding whether a bench trial was held in the magistrate court. On appeal, as in the circuit court, petitioners' evidence speaks only to whether they received a bench trial in magistrate court. Specifically, petitioners allege the following in support of their argument that they did not receive a bench trial and, thus, did not obtain a final adjudication on the merits in magistrate court: (1) the "hearing" lasted ten minutes; (2) they were not afforded the opportunity to testify "on the witness stand" or hear respondents' testimony and subject them to cross-examination; (3) they were not permitted to present evidence related to the case; (4) the magistrate court summarily dismissed their claims; and (5) the "hearing" was not recorded in either an audio or video format.

Notwithstanding petitioners' argument to the contrary, in ruling on the motion below, the circuit court specifically found, upon substantial evidence, that the magistrate court conducted a bench trial on petitioners' claims. Specifically, the magistrate testified that he explained the procedures that would be followed to the pro se litigants; all of the parties were sworn as witnesses, testified, and were cross-examined; and the parties offered exhibits, as reflected in the magistrate court file. The magistrate also recalled the petitioners' complaint and the substance of their testimony. Further, the magistrate testified that he recalled ruling on the admissibility of evidence, such as excluding evidence as inadmissible hearsay. Importantly, the magistrate recalled ruling on the substance of petitioners' claims and finding in respondents' favor. Additionally, the magistrate advised petitioners of their right to appeal, which they failed to exercise. The circuit court also noted that the lack of a recording in magistrate court is in keeping with West Virginia Code § 50-5-8(f), which instructs that a magistrate "shall not electronically record the action or proceeding" when a nonjury trial is held. None of the parties dispute the fact that no jury trial was requested in magistrate court.

As further support for the circuit court's ruling, the magistrate court's case history sheet indicated in a field marked "Hearing Dates" that the "Original trial" in the matter was held on July 10, 2012. Moreover, that form provided that "the court enters *a judgment* as follows: DISMISSED BY MAGISTRATE." (emphasis added). As the circuit court found, "[t]hat language is not equivocal or ambiguous" and is considered in conjunction with a description of the action contained elsewhere in the document that indicated that the magistrate court "DEN[IED] THE MATTERS SET FORTH IN THE COMPLAINT." Given this evidence, it is clear that petitioners received a final adjudication on the merits of their magistrate court claims.

Finally, the fact that petitioners presented conflicting evidence concerning the magistrate court proceeding is insufficient to overcome the circuit court's application of res judicata. In fact, petitioners' reliance on their assertion that their conflicting evidence on the issue of the bench trial constitutes a genuine issue of material fact is misplaced. This Court has held that

"[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact *to be tried* and inquiry concerning the facts is

not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

Syl. Pt. 2, *Kelley v. City of Williamson, W.Va.*, 221 W.Va. 506, 655 S.E.2d 528 (2007) (emphasis added). Additionally, in discussing genuine issues of material fact, we have set forth the following guidance:

> "Roughly stated, a 'genuine issue' for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a *trialworthy issue*, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party *for a reasonable jury to return a verdict for that party*. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed 'material' facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law." Syl. Pt. 5, *Jividen v. Law*, 194 W.Va. 705, 461 S.E.2d 451 (1995).

*Kelley*, 221 W.Va. at 507, 655 S.E.2d at 529 (emphasis added). As such, it is clear that in the context of summary judgment motions, genuine issues of material fact only concern factual issues necessary to establish the elements upon which relief is predicated in a given proceeding. In this matter, material facts would be such facts that support petitioners' claims for breach of contract, as those facts would be tried before the jury in order to return a verdict, not facts surrounding the question of a prior final adjudication on the merits. Petitioners' argument that they have established a genuine issue of material fact with regard to whether their magistrate court bench trial constituted a final adjudication on the merits is not a "trialworthy" issue, as the determination of whether res judicata barred petitioners' circuit court action was a legal determination for the circuit court. *See Lloyd's Inc. v. Lloyd*, 225 W.Va. 377, 693 S.E.2d 451 (2010); *Beahm v. 7-Eleven, Inc.*, 223 W.Va. 269, 672 S.E.2d 598 (2008); *Rowe v. Grapevine Corp.*, 206 W.Va. 703, 527 S.E.2d 814 (1999). Indeed, we have held that "[t]he matters arising upon a plea of res []judicata are questions of law for the court, and it is error to submit the issue under such a plea to the jury." Syl. Pt. 3, *Charleston Nat. Bank v. Hulme*, 117 W.Va. 790, 188 S.E. 225 (1936). As such, we find no error in the circuit court's order granting respondents summary judgment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 21, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II